## SOUTHERN RAILWAY COMPANY *v.* ALLISON.

1. In an action against a railway company for damages, for its failure to transport and deliver goods turned over to it for that purpose, it was not erroneous to allow plaintiff to testify that he had never been paid for such goods.
2. "The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead."
3. Way-bills made out by a railway company, being declarations in its own favor, are not admissible in its behalf.
4. There was no error in refusing to give the last clause of the request to charge referred to in the eleventh ground of the motion for a new trial.
5. The evidence failed to show that the cotton, for the loss of which the action

was brought, was delivered to the defendant company; and for this reason a new trial should have been granted.

Submitted May 1, — Decided June 7, 1902.

Action for damages. Before Judge Russell. Franklin superior court. November 8, 1901.

*A. G. & J. B. McCurry*, for plaintiff in error.
*J. H. Skelton*, contra.

FISH, J. T. F. Allison sued the Southern Railway Company for damages alleged to have been sustained by him, on account of the failure of the defendant to transport and deliver two bales of cotton delivered to it for that purpose by the plaintiff. Defendant denied receiving the cotton sued for. Upon the trial there was a verdict for the plaintiff. Defendant made a motion for a new trial, which was overruled, and it excepted.

1. One of the grounds of the motion was, that the court erred in permitting the plaintiff, over the defendant's objection, to testify: "I have never been paid for the cotton." The objection made was, that the testimony was irrelevant. This ground is without merit. It was relevant for plaintiff, if he delivered the cotton to the defendant for shipment, and it had failed to transport and deliver the same to the consignee, to show that plaintiff had not been paid for it, either by the defendant or the consignee.

2. Another ground of the motion was, that the court erred in permitting the plaintiff, over the objection of the defendant, to testify as follows: "Some two or three weeks after the shipment, I had a conversation with O. L. Moore, the defendant's agent, and he told me he did not ship the two bales I was claiming to have delivered, numbers 490 and 492. Said that he shipped and delivered 43 bales, all the cotton the bill of lading covered." The objection made to the admissibility of this testimony was, "that the declarations were not made dum fervet opus, but after the transaction to which they related was over." It is difficult to see how the defendant was hurt by the admission of this testimony. If the agent meant by his statement that he had never received the two bales of cotton, then this testimony was in favor of the defendant. If, however, by stressing the word, "ship," it was sought to show that the agent had received the cotton but had not shipped it, then the objection made to the declarations of the agent should have been sus-

tained, under the rule that "The declarations of the agent as to the business transacted by him are not admissible against his principal, unless they were a part of the negotiation, and constituting the res gestæ, or else the agent be dead." Civil Code, § 3034; *Hematite Mining Co.* v. *Railway Co.*, 92 *Ga.* 268.

3. Another ruling of the court complained of in the motion was, the refusal to permit defendant to put in evidence copies of certain way-bills, which were admitted by the plaintiff to be true copies of the originals. These way-bills related to the lot of cotton in controversy and in which plaintiff claimed there were two bales short. There was no error in excluding them, as they simply amounted to declarations of the defendant in its own favor.

4. The defendant requested the court, in writing, to charge the jury as follows: "If you believe that the agent, Moore, under instructions from plaintiff or his agent, S. C. Knox, issued the bill of lading to J. H. Sloan as consignee, order, notify G. H. McFadden & Co., for 43 bales of cotton, and said 43 bales of cotton were delivered to the consignee, and there was no other notification to defendant, or request of the agent to ship any other cotton of the S. O. P. mark, then the plaintiff can not recover, even though you believe that said Knox at the time the bill of lading was issued asked for or put on a paper handed to the agent, Moore, a memorandum for a bill of lading for 45 bales of said S. O. P. cotton." The court charged all of this request except this part of it, viz.: "even though you believe that said Knox at the time the bill of lading was issued asked for or put on a paper handed to the agent, Moore, a memorandum for a bill of lading for 45 bales of said S. O. P. cotton." Defendant complained that the court erred in not giving in charge the entire request. We do not think so. The plaintiff's contention was that he had delivered 45 bales of cotton, marked "S. O. P.," to the defendant at Lavonia, to be shipped to McFadden & Co. at West Point, Va., while the defendant contended that only 43 bales had been delivered to it. The question at issue was, how many bales had been delivered by plaintiff to the defendant, and not how many plaintiff had requested defendant's agent to put in the bill of lading; and such a request, if made, was only relevant in so far as it might shed light upon the question as to the number of bales delivered. If 45 bales were delivered and defendant gave a bill of lading for only 43, it would nevertheless be liable for

45.   Or if it gave a bill of lading for 45 and received only 43, it would be liable for only the number received.   The request to charge as a whole was not appropriate, and was too favorable to the defendant, in that it was susceptible of the construction that if defendant, under plaintiff's instructions, issued a bill of lading for 43 bales of cotton, and these were delivered to the consignee, the defendant would not be liable, although it had received for shipment 45 bales of cotton, all of which plaintiff intended should be included in the bill of lading and shipped.

5.   After a careful study of the evidence, we conclude that it was not sufficient to authorize a verdict for the plaintiff, and that the court, for this reason, should have granted a new trial.   The defendant admitted that 43 bales of the lot of cotton in question were delivered to it.   There was no dispute as to them.   The evidence failed to show the delivery to the defendant of more than 43 bales. The agent of the plaintiff testified that he weighed and marked 45 bales of this lot, in the cotton yard of the plaintiff, about 100 yards from the defendant's depot in Lavonia, and had it carried on a dray to defendant's depot platform ; that he did not accompany the dray to the depot, but ordered the cotton placed on the dray and saw the dray go and return each time ; that he did not know how many loads were carried, nor how many bales at each load, nor did he examine the cotton after it was placed on the depot platform.   The drayman was not sworn as a witness, and there was no other evidence introduced tending to show that more than 43 bales had been delivered to the defendant.

*Judgment reversed.   All the Justices concurring, except Lewis, J., absent.*