## WATSON *v.* HAZLEHURST & McALLISTER.

1. An executory agreement for the sale of goods to be delivered at a future day is valid, though at the time it is made the seller has not the goods in his possession, has not contracted to purchase them, and has no expectation of acquiring them otherwise than by purchasing them at some time before the day of delivery.

2. Such a transaction is not invalid unless it is made to appear that neither of the parties contemplated an actual delivery of the goods, and

it was the intention of both that there should be no actual delivery, but, on the day fixed for the delivery there should be a settlement of differences, based on the market value of the goods on that day. In that event the transaction would be a bare speculation upon chances; but not otherwise.

3. When a contract is valid upon its face, it is incumbent upon him who attacks it to show its invalidity.

4. An averment in a petition, that the plaintiff had purchased of the defendant a specified quantity of a given article, at a stated price, to be delivered at a stated time and place, is a sufficient allegation that the plaintiff had agreed to receive the article at the time and place fixed, and to pay for the same.

5. The petition was not subject to any of the grounds set forth in the demurrer; and the uncontradicted evidence demanded a finding for the plaintiffs.

Submitted July 18, 1906.—Decided January 15, 1907.

Complaint. Before Judge Henderson. City court of Vienna. October 18, 1905.

Hazlehurst & McAllister brought suit against Watson, alleging, that on August 13, 1904, plaintiffs purchased of Watson 50 bales of cotton, to be delivered in Savannah by the 20th of August, 1904, at 10 1/4 cents per pound. On the date upon which the cotton was to be delivered, defendant notified plaintiffs that it was impossible to make the delivery, and asked for an extension, and such extensions were granted from time to time up to the date of the filing of the suit, when, after demand being made upon the defendant, he failed and refused to deliver the 50 bales of cotton. It is alleged that the price of cotton had advanced until it was worth 11 1/4 cents per pound in the city of Savannah, and the refusal of the defendant to deliver the 50 bales injured petitioner in the sum of $312.50, which he refuses to pay. An amendment was offered, in which it was alleged that the bales of cotton were to weigh 500 pounds each. This amendment does not seem to have been allowed by the judge, but it was transmitted by the clerk as a part of the record in the case. To the petition the defendant filed a general demurrer, and also alleged as a further ground of demurrer, that it did not sufficiently appear wherein the defendant suffered any injury, or accepted a contract with the plaintiffs, or that the contract was not for purely speculative purposes; that the time and place where the contract was made did not appear; and that it did not appear that the plaintiffs had ever bound themselves to accept the cotton and pay for the same. The

demurrer was overruled, and the defendant excepted. The case proceeded to trial, and evidence was introduced which established the material allegations of plaintiffs' petition. A motion for a nonsuit was overruled, and the defendant excepted. The judge directed a verdict for the plaintiffs, and the defendant excepted.

*Crum & Jones,* for plaintiff in error. *Hill & Royal,* contra.

COBB, P. J. (After stating the facts.) The petition was not subject to any of the grounds taken in the demurrer. It set forth the fact that the plaintiffs had purchased of the defendant 50 bales of cotton. This averment, that they had purchased, was equivalent to an averment that they had agreed to accept upon delivery. The fact that it appeared from the averments of the petition that the defendant expected to purchase the cotton in order to comply with his contract did not render the contract illegal. An executory contract for the sale of an article is not illegal merely for the reason that the seller has not the goods in his possession and expects to purchase them at some time before the date of delivery for the purpose of complying with his contract. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199. The contract alleged was valid upon its face, and there was nothing to indicate, in the averments in the petition, that it was a mere speculation upon chances. The averments were such as to indicate with clearness that an actual delivery of the article, at the time and place agreed upon, was the purpose of both parties to the transaction. If it was in reality a mere speculation upon chances, this was a matter of defense. *Forsyth Mfg. Co.* v. *Castlen,* supra. The uncontradicted evidence demanded a finding that the contract had been made as alleged, and that there had been a failure to comply with its terms, and that the plaintiffs had sustained damages in the amount alleged. Under such circumstances there was no error in directing a verdict for the plaintiff.

It is contended, however, that the question as to what constituted a bale of cotton was a question for the jury to determine. Even if the amendment to the petition, which is referred to in the statement of facts, was not allowed by the court, it appears, from the brief of the evidence, that the plaintiffs introduced, without objection, testimony that the term "bale of cotton," as known to the commercial world, meant a bale weighing 500 pounds. There was no evidence contradicting the testimony thus offered, and it will be

presumed that the contract was made in the light of this usage of the commercial world. *Stewart* v. *Cook*, 118 *Ga.* 541. We see no reason for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*