Sanders *et al.,* survivors, *v.* Allen, administrator, *et al.*

Atkinson, J. 1. Where suit was filed to the January term, 1901, for damages from breach of contract to· deliver cotton in 1900, and the damage alleged was the difference between the contract· price and the price the plaintiffs were compelled to pay in order to procure other cotton to supply the place of that specified in the contract, and an amendment was allowed and filed on January 14, 1907, laying the measure of damages for the same breach of contract as the difference between the contract price and the market price at the time and place of delivery, the amendment related back to the time of filing the suit, and was not barred by the statute of limitations.

2. The evidence did not demand a verdict for the defendants.

3. The evidence discloses that for a valuable consideration the parties contracted for the sale and actual delivery of cotton which the sellers did not have, but which they expected to procure from producers to whom they had sold and were selling fertilizers, for which thereafter notes might be given payable in cotton; and there was no evidence to show that the parties contemplated that the contract could be complied with otherwise than by actual delivery of cotton. The evidence was not . sufficient to show that the transaction was speculative, as contemplated by the provisions of the Civil Code, § 3537, or that it was a gambling contract; and it was erroneous to instruct the jury as follows: "The ·law provides that a bare contingency or possibility can not be the subject of sale, unless there exists a certain right in the person selling, to a future benefit; so a contract for the sale of goods to be delivered at a future day where both parties are aware that the seller expects to purchase himself to fulfill his contract, and no skill or labor or expense enters into the consideration, but the same is a pure speculation upon chances, is contrary to the policy of the law, and can not be enforced by either party. A mere gambling contract is not enforceable; it is void; a mere contingency can not be sold, it would be void; such a contract is not enforceable." In this connection see *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28); *Watson* v. *Hazlehurst & McAllister,* 127 *Ga.* 298 (56 S. E. 459); *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 698 (58 S. E. 200); *Northington-Munger-Pratt Co.* v. *Farmers Gin & Warehouse Co.,* 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210).

4. The amount of recovery, as well as the right of one partner to bind the other to the contract, was a question which, under the evidence, it was proper to submit to the jury; and it was not erroneous to refuse a request to charge which had the effect of excluding the amount of recovery from the consideration of the jury.

5. The evidence demanded a verdict for the plaintiffs against the defendant Cooper for such an amount as the jury, under the evidence, might have found in their favor.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 27, 1910.

Action for breach of contract. Before Judge Kimsey. Hall superior court. June 8, 1909.

*W. I. Hobbs* and *H. H. Dean,* for plaintiffs.

*H. H. Perry* and *Howard Thompson,* for defendants.