*Hines & Jordan, A. R. Wright,* and *E. L. Stephens,* for plaintiff. *A. L. Hatcher,* for defendants.

---

## WRIGHT, executor, *v.* VAUGHAN.

HOLDEN, J. 1. In the case of *Forsyth Manufacturing Co.* v. *Castlen*, 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28), it was ruled: " (1) An executory agreement for the sale of goods to be delivered at a future day is valid, though at the time the seller has not the goods in his possession, has not contracted to purchase them, and has no expectation of acquiring them otherwise than by producing, manufacturing, or purchasing them at some time before the day of delivery.   (2) Such a transaction is not rendered invalid by the provisions of section 3537 of the Civil Code [1895], unless it is made to appear that neither of the parties contemplated an actual delivery of the goods, and that it was the intention of both that there should be no actual delivery, but that on the day fixed for delivery there should be a settlement of their differences, based on the market value of the goods on that day. In that event the transaction would be speculation upon chances, but not otherwise.   (3) When a contract is valid upon its face, or, when taken in the light of

the circumstances surrounding the parties at the time it was entered into, appears to be valid, it is incumbent upon him who attacks the contract to show its invalidity." See *Watson* v. *Hazlehurst*, 127 *Ga.* 298 (56 S. E. 459); *Northington Co.* v. *Farmers' Co.*, 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210); *Sanders* v. *Allen*, 135 *Ga.* 173 (68 S. E. 1102).

2. Under the rulings above quoted, the court did not err in overruling the general demurrer to the petition, nor in overruling the demurrer based on the ground that "the allegations of said petition fail to show that the cotton forming the subject-matter of the alleged contract set forth in paragraph 4 of said petition had any actual or potential existence at the time of the alleged execution of said alleged contract, or that such cotton had such an existence as to be capable of being identified at said time so as to be the subject-matter of sale, or a contract of sale, or that said cotton was identified by said parties." Nor did the court err in striking the following allegation in defendant's answer: "For the reason that the cotton therein referred to had no actual or potential existence at the time of the execution of said alleged contract, and says that said alleged cotton, not being in existence at said time, was incapable of identification and was not identified by the parties, and could not be and form the subject-matter of any sale."

3. The contract was not without consideration, nor was it invalid and unenforceable for the want of mutuality. *Northington Co.* v. *Farmers' Co.*, 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210); *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695, 698 (58 S. E. 200).

4. If the court erred in refusing to sustain the ground of demurrer complaining that specified allegations were irrelevant, and that other allegations were mere conclusions of the plaintiff as to the meaning of the contract, such error was not such as to require a new trial.

5. The provision in the contract that "It is fully understood and expressly agreed by the parties to this contract that the same can not be settled by payment of money, but only by delivery of the actual cotton in square mercantile bales weighing an average of 500 pounds, as aforesaid," did not preclude the defendant from showing that the contract was illegal, in that an actual delivery of the cotton was not contemplated by either of the parties, and that it was the intention of both that no such actual delivery should be made, but that at the time fixed in the contract for delivery there should be a settlement between them, based on the difference between the contract price of the cotton and the actual market value thereof at the time and place of delivery specified in the contract. *Roberts* v. *Arnall*, 9 *Ga. App.* 328 (71 S. E. 590).

6. The defendant assumed the burden of proof, and the only testimony was his testimony, which failed to show that the contract was illegal; and the defendant in his plea having admitted that the market value of the cotton at the time and place of delivery specified in the contract was 14⅝ cents per pound, as alleged in the petition, the court did not err in directing a verdict for plaintiff for the amount of the difference between such market value and the contract price of the cotton, with interest on such amount.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
OCTOBER 12, 1911.

Complaint. Before Judge Freeman. Heard superior court. September 20, 1910.

The defendant in error (hereinafter called the plaintiff) brought suit against the plaintiff in error (hereinafter called the defendant) for damages, making substantially the following allegations: Plaintiff and defendant, on June 30, 1909, entered into a written contract, of which the following is a copy:

"6/30/1909. For a consideration of the sum of one dollar to me in hand paid by J. L. Vaughan, as part payment of the cotton herein purchased, the receipt whereof is hereby acknowledged, I hereby agree to sell to J. L. Vaughan 100 bales of cotton, delivered at Carrollton, Ga., between the first and last days of November next. The delivery to be made at such time, at seller's option, in lots of not less than 100 bales, cotton to average 500 pounds per bale. If cotton does not average 500 pounds per bale, I will deliver a sufficient number of bales to bring up the average to 500 pounds per bale. The cotton to be of any grade between strict ordinary and fair, inclusive, at the price of 11 cents per pound for Atlanta 4's, said grade being good middling, American standard classification, with deduction and addition for other grades according to ruling differences in effect on the day of delivery. It is fully understood and expressly agreed by the parties to this contract that the same cannot be settled by payment of money, but only by delivery of the actual cotton, in square mercantile bales weighing an average of 500 pounds, as aforesaid. B. H. Tompkins.

"We accept the above contract, with its conditions and obligations. J. L. Vaughan."

At the date of the contract the plaintiff paid the defendant the $1 referred to therein. On November 30, 1909, cotton of the grade referred to in the contract was worth 14⅜ cents per pound at Carrollton, Ga. Defendant refused to deliver any of the cotton. Plaintiff sues to recover the difference between the contract price and the market value of the cotton at the time and place of delivery as specified in the contract. A verdict was directed in favor of the plaintiff for the amount for which suit was brought, and the defendant excepted.

*W. C. Wright* and *Frank S. Loftin,* for plaintiff in error.

*Sidney Holderness* and *Hall & Jones,* for defendant in error.