## KILPATRICK *v.* RICHTER.

The petition in this case is sufficient to withstand a general demurrer.
APRIL 15, 1913.

Action for breach of contract. Before Judge J. B. Park. Morgan superior court. March 5, 1912.

*George & Anderson* and *Cobb & Erwin,* for plaintiff.

*Middlebrooks & Burruss,* for defendant.

HILL, J. Kilpatrick brought suit against Richter for damages in the sum of $2,187.50, for the alleged breach of the following written contract entered into between them:

"Cotton Contract. Georgia, Clarke County.

"This contract or agreement made and entered into this the 29th day of April, 1909, between I. T. Kilpatrick, party of the first part, and Russell D. Richter, of Morgan County, Ga., party of the second part, witnesseth: That the said party of the second part has and does by these presents sell to the said I. T. Kilpatrick or their successors or assigns One Hundred (100) Bales of Cotton to be delivered at Godfrey, Ga., between October the first and twenty-fifth day of November next. The delivery to be made at such times at seller's option in lots of not less than fifty bales, cotton to be of any grade between Inman's 6s and 2s inclusive, at the price of 9⅞ cents per pound, basis Inman's 5s (Athens classification and weights), with deductions and additions for other grades according to Inman & Co.'s differences in effect on any day of delivery. Cotton to be in merchantable bales weighing 500 pounds per bale. The sum of One Dollar in cash has been paid on this contract by the said I. T. Kilpatrick to the party of the second part in part consideration, the receipt whereof is hereby acknowledged by the said party of the second part. The above number of bales represents the crop, or a part of the crop, of party of the second part for the present year, and this contract is for actual cotton. Now should either party of this contract fail or refuse to carry out his or their part of the same on the day specified, time being of the essence of the contract, it is understood and agreed that the party of the second part, upon making tender of said cotton and the refusal of the said I. T. Kilpatrick to accept same and settle at the price above contracted for, shall be entitled to liquidated damages in an amount equal to the difference between the price herein con-

tracted for and the actual value of the same grade of cotton at Godfrey, Ga., on the day of such tender of cotton; and should the said party of the second part fail and refuse to deliver said cotton on the day mentioned above for its delivery, it is understood and agreed that the said I. T. Kilpatrick shall be entitled to liquidated damages in an amount equal to the difference between the actual value of the same grade of cotton at Godfrey, Ga., on the date of delivery agreed upon in this contract and the price herein contracted for. It is expressly understood and agreed that each of the parties to this contract waive and renounce any and all rights they may have under and by virtue of the homestead or exemption laws, either State or Federal, as against the fulfillment of this contract or the liquidated damages agreed on under same. Witness the hands and seals of each party, signed in duplicate, this the day and year first above written.

"Grades:

"2's—Strict Middling　　　　　　　I. T. Kilpatrick (L. S.)

"3's—Good Middling

"4's—Strict Middling　　　　　　Russ ll D. Richter (L. S.)"

"5's—Middling

"6's—Strict Low Middling

It was alleged in the petition, that the plaintiff stood ready to comply with his part of the contract, to accept the amount of cotton named, and to pay the price agreed upon, but the defendant refused to deliver the cotton as he agreed to do in the contract, and did not tender or deliver the cotton during the period agreed upon, or subsequently thereto; that on November 25th the difference in amount between the actual value of the same grade of cotton at Godfrey, Ga., and the price of the cotton agreed upon in the contract of purchase was $4\frac{3}{8}$ cents, that is, cotton of the same grade was worth $4\frac{3}{8}$ cents more on November 25th than the price agreed upon in the contract of purchase on April 29th, the value on November 25th being $14\frac{1}{4}$ cents per pound; that by reason of the default the plaintiff was entitled to liquidated damages in the sum of $2,187.50; and that the defendant admitted his liability to the plaintiff in the following written acknowledgment: "Dec. 8, 1909. I. T. Kilpatrick, Athens, Ga.: I acknowledge receipt of your bill for difference of $2,187.50 on One Hundred Bales of Cotton sold you for fall delivery, and will send you note covering same between now and Dec. 23/09. R. D. Richter."

To this petition the defendant filed his demurrer and averred that the copy of the "cotton contract" set out in the petition "shows on its face that it is a gambling contract, pure and simple, said contract being the basis relied upon by plaintiff for a recovery in this case." The court sustained the demurrer and dismissed the petition; whereupon the plaintiff excepted.

We think the court erred in sustaining the demurrer. We do not agree with the contention that the contract "on its face" shows that it was a "gambling contract, pure and simple." It is expressly provided in the contract that the cotton to be delivered represents the crop, or part of the crop, of the defendant for the year in which the contract was made, "and this contract is for actual cotton." If the contract was entered into in good faith for "actual cotton," actually to be delivered, and the plaintiff was to accept the cotton and pay for it at the agreed price, then the contract can not be held, on demurrer, to be illegal and a gambling contract. The demurrer was to that extent speaking in character. The contract may or may not be a gaming contract. The evidence alone can show it to be such a contract or not. Where it does not appear on its face to be a gambling contract, the presumption is in favor of its legality. What we hold now is, that this petition is not demurrable for any of the reasons assigned. This case comes within the rulings made in the case of *Wright* v. *Vaughan,* 137 *Ga.* 52 (72 S. E. 412). The first headnote in that case is as follows: "In the case of *Forsyth Manufacturing Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28), it was ruled: '(1) An executory agreement for the sale of goods to be delivered at a future day is valid, though at the time the seller has not the goods in his possession, has not contracted to purchase them, and has no expectation of acquiring them otherwise than by producing, manufacturing, or purchasing them at some time before the day of delivery. (2) Such a transaction is not rendered invalid by the provisions of section 3537 of the Civil Code [1895], unless it is made to appear that neither of the parties contemplated an actual delivery of the goods, and that it was the intention of both that there should be no actual delivery, but that on the day fixed for delivery there should be a settlement of their differences, based on the market value of the goods on that day. In that event the transaction would be speculation upon chances, but not otherwise.

(3) When a contract is valid upon its face, or, when taken in the light of the circumstances surrounding the parties at the time it was entered into, appears to be valid, it is incumbent upon him who attacks the contract to show its invalidity.' See *Watson* v. *Hazlehurst*, 127 *Ga.* 298 (56 S. E. 459) ; *Northington Co.* v. *Farmers Co.*, 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210) ; *Sanders* v. *Allen*, 135 *Ga.* 173 (68 S. E. 1102)." It nowhere appears from the petition, or the contract, that the parties thereto intended that there should be no actual delivery of the cotton, but on the contrary it is provided that upon the party of the second part "making tender of said cotton," and the refusal of the other party to accept it and settle at the price contracted for, the party of the second part shall be entitled to liquidated damages as agreed upon in the contract. It is further provided that if the party of the second part fails and refuses to deliver the cotton on the day mentioned for its delivery, the other party to the contract is to be entitled to liquidated damages in an amount equal to the difference between the actual value of the same grade of cotton on the date of delivery agreed upon and the price contracted for. From an inspection of the entire contract it is not apparent on its face that it is illegal as being a gambling contract; and therefore we think the case is one for the jury, and should not have been dismissed on demurrer. See *Luke* v. *Livingston*, 9 *Ga. App.* 116 (70 S. E. 596).

*Judgment reversed. All the Justices concur.*