### DANIEL *v.* REEVES.

ATKINSON, J. In view of the allegations of the petition relative to the attendant circumstances when the contract was made, and the recitals of the contract in regard to actual delivery of the cotton, the petition was not subject to demurrer on the ground that it showed on its face that the contract was void as a gambling contract. *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28) ; *Kilpatrick* v. *Richter,* ante, 643 (77 S. E. 1065).

*Judgment reversed. All the Justices concur.*
APRIL 15, 1913.

Action for breach of contract. Before Judge Daniel. Upson superior court. November term, 1911.

P. G. Daniel instituted an action for damages against T. J.

Reeves. The petition as amended declared upon the following written instrument:

"Jany. 19, 1909. I hereby agree to sell to P. G. Daniel 50 bales of cotton delivered at Thomaston between the first and 30th days of October next. The delivery is to be made at such time at seller's option in lots of not less than fifty bales. Cotton to average 500 pounds per bale. If cotton does not average 500 pounds per bale I will deliver a sufficient number of bales to bring up the average to 500 pounds per bale. The cotton to be of any grade between strict ordinary and fair, inclusive, at the price of 10.27/100 cents per pound for Inman, Akers & Inman 4s. Said grade being good middling American Standard classification, with deduction and addition for other grades according to Inman, Akers & Inman's difference in effect on the day of delivery. It is fully understood and expressly agreed by the parties to this contract that same can be settled by payment of money upon failure to delivery of the actual cotton in square mercantile bales weighing an average of 500 pounds, as aforesaid. T. J. Reeves.

"We accept the above contract, with its conditions and obligations. P. G. Daniel."

It was alleged that at the time of the making of the contract the plaintiff had made other contracts for sale of cotton to be delivered to other persons, including manufacturers, and desired the cotton to fill his own contracts; that the defendant was a farmer engaged in raising cotton; and that in making the contract both parties contemplated actual delivery of the cotton contracted to be sold. After the petition had been amended to meet the grounds of special demurrer (which were, that there was no cause of action set forth, and that the petition was defective because of a failure to attach a copy of the contract sued on), the defendant renewed his demurrer, with the additional grounds, that the contract showed upon its face that it was a gambling transaction, and for that reason illegal and void; that it was unilateral; and that the amendments offered sought to alter and change the terms of the written contract sued on, by adding other and different stipulations and agreements not embraced or contained in the original contract. The court sustained the demurrer and dismissed the case, and the plaintiff excepted.

*W. Y. Allen* and *R. L. Berner,* for plaintiff.

*J. Y. Allen* and *M. H. Sandwich,* for defendant.