## RICHTER v. KILPATRICK.

1. A written contract for the sale of cotton, valid on its face, was attacked by 'the seller as a wagering contract. It was not error to instruct the jury, in substance, that in order to render the contract void as being a wagering contract, it must appear not only that the seller had, at the time of entering into the transaction, no intention of delivering the cotton, but also that the buyer knew the seller's intention in the premises.

2. The letters referred to in this division were relevant upon the issue of the legality of the contract.

3. Where the construction of a contract is not involved, testimony that it was drawn by 'one of the parties after a certain form is immaterial.

4. A defendant who in his plea admits the plaintiff's right to recover the amount sued for, unless he sustains his defense, relieves the plaintiff of the necessity of proving his case in chief.

5. On an issue as to whether a contract for the sale of cotton contemplated a delivery of actual cotton, or was merely a speculative scheme, testimony of one of the parties that he sold the cotton which the other party contracted to deliver is inadmissible. The validity of a contract, as dependent upon the intention of the parties, can not be established by proof of subsequent collateral action by one of the parties with relation to the subject-matter of the contract.

6. Other assignments of error are controlled by the foregoing rulings.

MAY 13, 1915.

Action for breach of contract. Before Judge Park. Morgan superior court. June 24, 1914.

*Middlebrooks & Burruss* and *Lewis, Davison & Lewis,* for plaintiff in error.

*Cobb & Erwin, E. H. George,* and *K. S. Anderson,* contra.

EVANS, P. J. I. T. Kilpatrick and R. D. Richter entered into a contract for the purchase and sale of one hundred bales of cotton at a stipulated price. Upon Richter's failure to deliver the cotton Kilpatrick brought his action, claiming damages for its breach. The defendant admitted the execution of the contract, and that the amount sued for was prima facie due, and assumed the burden of proof. He further pleaded that the contract was without consideration, and was a gambling or wagering contract. The jury returned a verdict for the plaintiff, which the court refused to set aside on motion for new trial.

1. The contract for the breach of which the plaintiff seeks to recover damages will be found in the report of the case when formerly before this court on exceptions to the sustaining of the demurrer to the petition. *Kilpatrick* v. *Richter,* 139 *Ga.* 643 (77 S. E. 1065). It was there held, that the contract on its face did

not disclose it to be a wagering contract, or subject to other infirmities alleged against it; and that on its face the contract appeared to be valid and enforceable. The defendant pleaded, that it was not the intent of the parties that the actual cotton should be delivered, but the contract was for future delivery of cotton on margins; that the agent of the plaintiff who made the contract with him knew of its wagering character; and that neither the plaintiff nor the defendant contemplated the delivery of actual cotton as called for in the contract, but the transaction was purely a speculative one, determinable upon the state of the market at the maturity of the contract. The court in effect instructed the jury, that, in order to render the contract void as a wagering contract, it must appear that both parties understood and agreed, expressly or impliedly, to the things which constituted a wagering contract; that the unexpressed or uncommunicated intention of one party to the contract is not binding upon the other; that the contract would not be infected with illegality solely because of the understanding of the defendant as to its speculative character, provided the plaintiff had no knowledge of the defendant's understanding. There are some criticisms made upon the excerpts from the court's instruction conveying this principle; and although the charge may be open to some verbal criticisms made against it, when taken in its entire context it amounts to an instruction that in order to render an apparently valid contract for the sale of cotton void as a wagering contract, it must appear not only that the seller had at the time of entering into the transaction no intention of delivering the cotton, but also that the buyer then knew of the seller's intention in the premises.

2. Complaint is made that the court allowed in evidence certain letters in which the defendant offered to give to the plaintiff his notes for the amount claimed as damages for the breach of the contract. Although the defendant's plea admits the right of the plaintiff to recover the amount sued for, unless he sustains his affirmative defense, still these letters bear some relevancy on the question of the defendant's contention with respect to the illegality and nature of the contract.

3. The defendant was denied the right to elicit from the plaintiff, on cross-examination, that the contract sued upon was filled out on one of the latter's regular forms, which was a composite of

several forms of contract used by others. The evidence was properly rejected. It is immaterial whether the contract declared on was prepared by a particular scrivener, or after a particular form or combination of forms.

4. Complaint is made that the verdict can not be sustained, because of the failure of the plaintiff to demand the cotton of the defendant. Even if it was necessary to prove a demand as a condition precedent to a suit for breach of the contract, the defendant waived the necessity of such proof by an admission in his plea that the plaintiff was entitled to recover the amount sued for, unless he sustained the defense therein set up.

5. The plaintiff was allowed to testify as follows: "When I bought this cotton from Richter I sold it. I sold to the Amoskeag Mills. The cotton was never delivered by Richter to me. I delivered the Amoskeag Mills cotton to fill my contract with them. I bought special cotton to fill this contract." The principal point at issue between the plaintiff and the defendant was the legality of the contract which was the basis of the suit. The plaintiff testified that the intention of the parties was none other than as expressed in the contract, namely, to buy and sell actual cotton, and that if the defendant had a contrary understanding it was uncommunicated to him. The defendant, on the other hand, testified, that the intention of the parties was that the actual cotton was not to be delivered; that the contract was purely speculative in character; that such was his understanding of the contract when he entered into it; and that he communicated such understanding to the plaintiff and his agent. The differences between the parties as to this vital issue were irreconcilable. The plaintiff undertook to corroborate his version of the transaction by testifying that he had acted on the faith of the contract, as being for the delivery of the actual cotton. No damages are claimed by the plaintiff as growing out of the contract made with the Amoskeag Mills. The conduct of the plaintiff in making such contract is purely supportive of his contention of the essence of the contract made with the defendant. Such testimony is open to the objection that it is of the self-serving character. The rule is well established that the declarations of a party in his own interest are never admissible, unless they constitute a part of the res gestæ. Declarations may be made by conduct as well as by spoken words. The rule has been applied in a

suit by a shipper to recover two bales of cotton alleged to have been delivered to a carrier. The issue was as to the number of bales delivered, and the carrier offered its way-bill to prove the number; and the evidence was rejected as being a declaration by the carrier in its own favor. *Southern Railway Company* v. *Allison,* 115 *Ga.* 635 (42 S. E. 15). The validity of a contract, as dependent upon the intention of the parties, can not be established by proof of subsequent independent collateral action by one of the parties with relation to the subject-matter of the contract.

6. Special attention to other assignments of error is unnecessary, inasmuch as the principles previously enunciated dispose of them. Neither is it necessary to refer to the verbal criticisms upon the court's instruction, as the case will be retried, and the court's attention has been directed thereto; and they will probably not occur in another trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*