## KILPATRICK *v.* RICHTER.

1. If one of the parties to a contract for the sale of cotton for future delivery, apparently valid on its face, enters into the contract evidenced by the writing with no intention of delivering the actual cotton, but upon the understanding that a settlement is to be had by the contracting parties on the day appointed for delivery, based on the difference between the market price at that time and the contract price, and such intention is known to the opposite party at the time of signing the writing, the transaction will be regarded as a wager and not an enforceable contract.

2. The evidence authorized the verdict.
DECEMBER 14, 1916.

Action for breach of contract. Before Judge Park. Morgan superior court. December 4, 1915.

*K. S. Anderson, E. H. George,* and *Cobb, Erwin & Rucker,* for plaintiff. *Middlebrooks & Pennington, T. H. Burruss Jr.,* and *Lewis, Davison & Lewis,* for defendant.

EVANS, P. J. 1. This is the third appearance of this case. See 139 *Ga.* 643 (77 S. E. 1065), and 143 *Ga.* 470 (85 S. E. 319). The subject-matter of the suit is a contract for the sale of cotton to be delivered in the future. It was first before this court on a writ of error to a judgment on demurrer; and it was held that the contract on its face was valid and did not disclose it to be a wagering contract. On its second appearance this court held that it was not error to instruct the jury that, in order to render an apparently valid contract for the sale of cotton void as a wagering contract, it must appear not only that the seller had at the time of entering into the transaction no intention of delivering the cotton but also that the buyer then knew of the seller's intention in the premises. Outside of the general grounds of the motion for new trial, the exceptions of the plaintiff in error are to instructions to the effect that if the seller at the time of the execution of the contract did not intend to deliver the actual cotton, and the buyer knew that in signing the contract he was only engaging in a speculative enterprise with no intention to deliver the cotton but to settle by the difference in the contractual price and market price at date for delivery, and accepted the seller's contract under these circumstances, the contract would be a wagering one; and that the meaning placed on a contract by one of the parties, and known to be thus understood by the other party, shall be held to be the true meaning. These charges find approval in *Reeves* v. *Daniel,* 143 *Ga.* 569 (85 S. E. 756). We are asked to review that case, but on a consideration of the same we adhere to the ruling there made.

2. The evidence is sufficient to uphold the verdict.

*Judgment affirmed. All the Justices concur.*