12023. JONES *v.* FULLER.

JENKINS, P. J. When this case was here on exceptions to a judgment sustaining a demurrer to the plaintiff's petition, it was held that a cause of action was set forth, based on "the alleged breach by the defendant of his contract for the transfer and sale of a certain lease" 25 *Ga. App.* 89 (102 S. E. 550). It was then said that the agreement sued on "must be taken to relate to a sale or transfer by the defendant to the plaintiff, for a stated consideration, of a certain existing lease." By subsequent amendment to the answer, the defend-

ant set up in effect that the lease constituting the subject-matter of the sale existed only in parol; that at the time of the written contract for its transfer and sale, the plaintiff and himself orally agreed that a subtenant of the defendant should be permitted to continue to occupy one of the rooms of the building as subtenant of the plaintiff; that the written agreement sued on was only a preliminary agreement, and was obtained by fraud of the plaintiff, in that he obtained it with intent not to perform his parol agreement with reference to the subtenant mentioned; and that the plaintiff himself caused a breach of the contract, in that his refusal to recognize the rights of the defendant's subtenant had been the occasion of the refusal by the owner to execute the written lease to the defendant. The plaintiff demurred to this amendment, on the grounds that the facts alleged did not constitute a legal defense, and were irrelevant and immaterial, that it was an attempt by parol to alter, add to, and impair the written contract sued on, and that the charge of fraud was not sustained by any allegation of facts. The court overruled the demurrer. On the trial, at the conclusion of the plaintiff's evidence, the defendant moved a nonsuit, his contentions being, (1) that the evidence did not justify a recovery in any sum; (2) that since this court had construed the written agreement as a contract for the purchase and sale of an existing lease, and since from the evidence it appeared that no valid lease in fact existed, the contract made for the purchase of something which did not exist could not be enforced, even though, under the disputed evidence, the plaintiff might have been informed that it did; and (3) that there was no evidence of proper tender by the plaintiff to the defendant of the balance of the purchase-money and of the note due under the written contract as a condition precedent to the transfer of the lease. The court sustained the motion for nonsuit, and the plaintiff excepted to that judgment and to the overruling of the demurrer to the amended plea. *Held*:

1. "When a contract appears to have been reduced to writing, before parol evidence can be admitted to show a collateral agreement, it must appear, either from the contract itself or from the attendant circumstances, that the contract is incomplete and that what is sought to be shown as a collateral agreement does not in any way conflict with or contradict what is contained in the writing." *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (6) (37 S. E. 485, 81 Am. St. Rep. 28); *Brosseau* v. *Jacobs' Pharmacy Co.,* 147 *Ga.* 185 (2) (93 S. E. 293); *Westbrook* v. *Griffin,* 24 *Ga. App.* 808 (102 S. E. 453); *Jones* v. *Fuller,* supra. Where a written executory contract for the sale of a lease of a certain building for a period of five years is without condition or restriction, and contains no reference to an arrangement with the vendee whereby a subtenant of the vendor should be allowed to remain upon the premises under an understanding with the vendor, parol evidence, offered for the purpose of establishing such a collateral agreement, being inconsistent with the absolute terms of the written agreement to assign, is inadmissible. Those paragraphs of the plea and answer, which sought to set up an offer of compliance by the defendant with the terms of his contract as thus varied should have been stricken on demurrer; and the objections to the evidence relating thereto should have been sustained.

2. Evidence of conversations and an oral agreement between the defendant and the owner of the premises to the effect that the latter had thus conditionally agreed with the defendant to renew a previous-

ly existing five-years' lease about to terminate, as well as evidence as to the contents and nature of the previous lease, not involved in the present suit, was irrelevant and immaterial, and should have been excluded, on objection of the plaintiff.

3. There being evidence of agency for the defendant by the attorney acting for him in the negotiations for the formal transfer to the plaintiff of the lease in question, and further evidence of the defendant's ratification of such agency, and of his tender back to the plaintiff of the money which had been paid to bind the transaction, and of his refusal to complete the transfer without embodying therein the objectionable collateral provision referred to, and that the defendant had made demand upon the plaintiff for a rescission of the contract, a subsequent formal tender to him by the plaintiff of the balance of the consideration to be paid for the transfer was unnecessary. *Washington Exchange Bank* v. *Smith*, 23 *Ga. App.* 356 (98 S. E. 418).

4. "A plea alleging fraud but not alleging specific acts constituting fraud, should be stricken on demurrer." *Carroll* v. *Hutchinson*, 2 *Ga. App.* 60 (58 S. E. 309).

5. That the defendant did not own a valid existing lease at the time he entered into an executory contract with the plaintiff for a sale thereof would not defeat the rights of the plaintiff under the contract. An executed contract of sale is an agreement whereby the seller actually transfers the title of property from himself to the buyer for a consideration called the price. Since such a sale can be effected only when there is a transfer of title, it follows that its subject-matter must have either an actual or such a potential existence as amounts to a present right in the person selling to a future interest or benefit therein. That which is a bare contingency, possibility, or expectancy can not, therefore, be the subject-matter of a sale. Civil Code (1910), § 4117; *Forsyth Mfg. Co.* v. *Castlen*, supra; *Sanders* v. *Allen*, 135 *Ga.* 173 (3) (68 S. E. 1102). Whatever might be the rights of one who has bona fide entered into a contract of actual purchase for that which has no existence, in an action for deceit on account of false and fraudulent representations made by the seller and relied upon by the purchaser to his injury, the remedy in such a case does not lie in a suit for a breach of the contract of sale. However, if the contract be not one of actual present sale, but, according to its true tenor and effect, amounts merely to an executory agreement to sell, the parties may be bound, even though the subject-matter of such an agreement is known to have neither an actual nor a potential existence, provided the agreement is not merely speculative, but contemplates an actual future delivery of the thing bargained for. "While there can be no sale of an article which is not in existence, it is legally possible for one to enter into an executory contract to sell such an article in the future when it does come into existence." *Forsyth Mfg. Co.* v. *Castlen*, 112 *Ga.* 199, 202 (37 S. E. 485, 81 Am. St. Rep. 28), citing 2 Kent's Com. (14th ed.) 468 et seq., 492; *Wright* v. *Vaughan*, 137 *Ga.* 52 (72 S. E. 412); *Gilbert* v. *Copeland*, 22 *Ga. App.* 753 (97 S. E. 251). See also the Civil Code (1910), § 3222 (7). Where one "contracts absolutely to convey property not then owned by him, he will be liable in damages for a breach, even if he is not able to secure the same so as to make delivery." *Northington &c. Co.* v. *Farmers Gin &c. Co.*, 119 Ga. 851 (2) (47 S. E. 200, 100 Am. St. Rep. 210); 23 R. C. L. 1249, 1250; 39 Cyc. 1544; Elliott on Contracts, §§ 1890, 1891.

(*a*) A lease of real estate for a period of five years passes such an estate from the landlord to the tenant as he may convey or contract to convey to another with all the incident rights and duties of the tenancy. Civil Code (1910), § 3691; *Perry* v. *Paschal,* 103 *Ga.* 134, 140 (29 S. E. 703); *Robinson* v. *Perry,* 21 *Ga.* 183 (68 Am. Dec. 455). Thus, where a person entered into an executory agreement with another, obligating himself to sell and transfer what was represented to be an existing lease, but where, from the evidence, it appeared that the seller had no such lease, but merely an invalid oral promise from the owner of the premises that he would execute one, and the owner subsequently failed and refused to do so, the seller of the lease is liable in damages for the breach of his executory agreement to sell, even though he was unable to secure the lease so as to make the transfer according to his obligation.

6. The court erred in failing to sustain the demurrer to the defendant's answer as amended, and in granting a nonsuit.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED MAY 14, 1921.

Action on contract; from city court of Floyd county — Judge Nunnally.   October 19, 1920.

*James Maddox, Maddox & Doyal,* for plaintiff.

*Nathan Harris, A. L. Henson,* for defendant.