## W. H. GOFF CO. v. LAMBORN & CO.

(Circuit Court of Appeals, Fifth Circuit. June 29, 1922. Rehearing Denied July 24, 1922.)

No. 3861.

1. **Courts ⊂⇒270—Venue properly laid in district of which defendant a resident.**

   If the federal court had jurisdiction of a suit either as one solely between citizens of different states or as one between an alien plaintiff and a citizen defendant, the venue was properly laid in the district in which

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant was a resident and inhabitant in the state of which it was a citizen.

**2. Courts ⬅⟹270—District of which defendant an inhabitant is proper district, when jurisdiction not dependent on diverse citizenship.**

If jurisdiction of federal court was not dependent on the controversy being wholly between citizens of different states, then right to sue either in district of plaintiff's residence or that of defendant did not exist, and district whereof defendant was inhabitant was the proper district.

**3. Courts ⬅⟹300—Citizens and alien, as coplaintiffs, may sue citizen of another state.**

Citizens of certain states and an alien, as coplaintiffs, may sue a citizen of another state in the district of such latter state of which defendant is a resident and inhabitant.

**4. Contracts ⬅⟹10(4)—Mutuality not destroyed by provision giving seller option as to fixing time for delivery within certain limits.**

Where a seller agreed to furnish a definite amount of sugar at fixed prices within a fixed time, the contract was not void for want of mutuality because seller was given right of fixing dates for delivery within the contract period.

**5. Contracts ⬅⟹10(4)—Provision for termination of contract for causes beyond seller's control does not affect mutuality.**

That contract of sale might be terminated by happening of certain events beyond seller's power to control did not render the contract one at the seller's option, and thus make it void for want of mutuality.

**6. Sales ⬅⟹384(1)—Seller not limited to profit prescribed by President under Lever Act.**

A seller, suing for a buyer's failure to take sugar, was not restricted to a recovery of the profit on sales of sugar fixed by the President under the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r), then in force.

**7. Sales ⬅⟹48—Contract voluntarily made binding on buyer, notwithstanding seller's alleged violations of Lever Act.**

Where contracts for purchase of sugar were made voluntarily by buyer without being induced by fraudulent misrepresentations, they were binding on buyer, notwithstanding seller's alleged violations of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r) and the regulations made thereunder.

**8. Pleading ⬅⟹339—If no valid resale made, seller could abandon count based thereon and rely on other count.**

In seller's action for difference between contract price and amount realized on resale, and, in another count, for difference between contract price and market value, if no valid resale binding on buyer was made, seller could abandon claim based on resale and rely on claim for difference between market value and contract price, especially where the amount so claimed was less than the undisputed difference between the contract price and the amount realized on resale.

**9. Appeal and error ⬅⟹1171(1)—No reversal for technical error in permitting recovery on wrong theory, when defendant not damaged.**

Under Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), even though technical error was committed in permitting seller reselling sugar after notice to buyer to recover difference between contract price and market value, judgment will not be reversed, where the amount so recovered was less than the undisputed difference between contract price and amount realized on resale, and defendant was therefore not damaged.

**10. Sales ⬅⟹387—Verdict properly directed, when only one finding as to market value warranted.**

In seller's action for difference between market value and contract price, where evidence furnished no ground for finding but one amount as market value, verdict was properly directed.

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Action by Lamborn & Co. against the W. H. Goff Company. Judgment for plaintiff, and defendant brings error. Affirmed.

-The first contract was for the sale of 75 barrels of sugar, and provided: "Shipments to be made some time during the period between July 15 and October, 1920; but shipping is to be at seller's option, subject to delay, if any." The second contract was for the sale of 150 barrels, and provided for shipment of one-third during June or July, one-third during August or September, and one-third during September or October, "if possible," and also "shipment at seller's option during periods specified, subject to delay, if any." Each contract provided that the seller would not be responsible, if shipment was prevented or delayed by war conditions, strikes, labor difficulties, accidents, embargoes, regulations, or restrictions imposed by any government or governmental agency, fire, or any cause beyond the seller's control, or if the supply of raw material of the refinery manufacturing the sugar should be interrupted by any such cause.

In its special pleas defendant alleged that plaintiff had violated rule 6 of the Food Administration, providing that licensees should keep commodities moving to the customer in as direct a line as practicable and without unreasonable delay, and that resales within the trade without reasonable justification, especially if tending to result in a higher market price to the retailer or consumer, would be dealt with as an unfair practice; rule 7, providing that no broker or licensee should buy or sell for his own account, unless engaged in and holding himself out to the trade as conducting the business of distributing the commodity otherwise than on a commission basis, or unless he used such commodity in manufacturing; rule 8, providing that no licensee should knowingly sell to any broker or other licensee not buying for personal consumption, or engaged in using such commodity in manufacturing or engaged in or holding himself out to the trade as conducting the business of distributing such commodity otherwise than on a commission or brokerage basis; rule 10, providing that licensees should not buy or otherwise handle or deal in food commodities for the purpose of unreasonably increasing the price or restricting the supply, or monopolizing locally or generally any such commodity; and that they had combined and conspired with the Savannah Sugar Refining Corporation and with others unknown to withhold refined sugar from the market, in violation of Act Aug. 10, 1917, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛gg).

Frederick T. Saussy, and Gordon Saussy, both of Savannah, Ga., and Edgar Watkins, of Atlanta, Ga. (Watkins, Russell & Asbill, of Atlanta, Ga., on the brief), for plaintiff in error.

A. B. Lovett and Remer L. Denmark, both of Savannah, Ga. (Hitch, Denmark & Lovett, of Savannah, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Lamborn & Co. are a partnership composed of 10 persons, nine of whom are citizens and residents of states other than Georgia, and one of whom is an alien residing in New Jersey. Said persons composing said firm brought a suit in the United States District Court for the Southern District of Georgia against W. H. Goff Company, a corporation chartered under the laws of Georgia and a citizen of said state, residing in the Southern district thereof, on two contracts for the sale of sugar made by Lamborn & Co. with said W. H. Goff Company, alleging a refusal of said defendant to take 150

bags of said sugar. Plaintiffs' petition alleged the citizenship and residence of the parties plaintiff and defendant as above stated, giving particularly the citizenship and residence of each, including that of said alien. It contained two counts, one alleging a resale of said refused sugar, after notice to the defendant, and sought to recover the difference between the contract price and the resale price. The second count sought a recovery of the difference between the contract price and the market value of said sugar on the dates fixed for the delivery thereof.

[1] A motion was made by the defendant to dismiss said suit on the ground that the suit was not one wholly between citizens of states other than Georgia as plaintiffs and a citizen of Georgia as defendant, one of the plaintiffs being an alien. The motion was overruled, and this is the first error complained of. The suit was brought in the district in which the defendant was a resident and an inhabitant, in the state of which it was a citizen. Therefore, if the court had jurisdiction of the suit, either as one solely between citizens of different states, or as one between an alien plaintiff and a citizen defendant, the venue of the suit was properly laid in the Southern district of Georgia. Each plaintiff in this case had the right to sue the defendant in the federal court in which the suit was brought.

[2] If the jurisdiction was not dependent on the controversy being wholly between citizens of different states, then the right to sue in the district of the residence of the plaintiff or defendant did not exist, but the district whereof the defendant was an inhabitant was the proper district. This suit was brought in that district, and by plaintiffs, each of whom was competent to sue in the federal court of such district. Under the principle stated in Smith v. Lyon and cases there cited, the District Court had jurisdiction. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635.

[3] It has been repeatedly decided that the federal courts have jurisdiction of suits brought by a citizen of one state against a citizen of another state and an alien as joint defendants. Roberts v. Pacific & Atlantic R. & N. Co., 121 Fed. 785, 58 C. C. A. 61; Ladew v. Tennessee Copper Co. (C. C.) 179 Fed. 246; Baker & Bros. v. Pinkham et al. (D. C.) 211 Fed. 728. No difference can be perceived between these cases and the case at bar, where citizens of certain states and an alien as coplaintiffs bring a suit against a citizen of another state in the district of such state of which he is a resident and inhabitant.

[4] The contract in this case was not void for want of mutuality. Here the seller agreed to furnish a definite amount of sugar at fixed prices within a fixed time. That there was a right of naming dates for delivery within the period did not at all change the contract from one to furnish by the end of the period named the entire amount. Daniel v. Reeves, 139 Ga. 647, 77 S. E. 1067; Jackson Phosphate Co. v. Caraleigh Phosphate & Fertilizer Works, 213 Fed. 743, 130 C. C. A. 257.

[5] That the contract might be terminated by the happening of certain events, beyond the power of the seller to control, did not render the contract one which was at the seller's option. It only provided for relieving him from liability in the event that certain contingencies beyond his control arose to prevent the performance of the contract. 13 C. J. 337; 35 Cyc. 247, 248.

[6] Defendant further pleaded that under the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛l–3115⅛r) the United States controlled the price of sugar, and that the President had fixed a profit of one cent per pound on sales of sugar at wholesale, and that therefore the only profit in contemplation of the parties was one cent per pound. We think this defense was properly stricken on demurrer, under the ruling of this court in Pharr & Sons, Ltd., v. Kenny Co., 272 Fed. 37, 41.

[7] The special pleas alleging violations of the Lever Act as grounds for nonliability of the defendant under its contract for the purchase of sugar from plaintiffs afforded no ground of defense, and the demurrers thereto were properly sustained. There were no facts alleged which showed that the contracts were entered into otherwise than voluntarily by the defendant, nor any sufficient allegations of any fraudulent misrepresentation of facts by which its agreement was induced. The defendant was therefore bound by the agreements made with plaintiffs. Wilder Mfg. Co. v. Cora Products Co., 11 Ga. App. 588, 75 S. E. 918; Id., 236 U. S. 165, 35 Sup. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118.

[8] It is urged that no recovery can be had under the second count of the petition, because the plaintiffs had resold the sugar bargained to the defendant after notice of its purpose so to do, and as it had sued for the difference in the amount realized on resale and the contract price in count 1. The undisputed evidence in the case was that such difference was $7,932.23. The difference between the market value and the contract price was testified, without contradiction, to have been $7,437. At the conclusion of the entire case, the plaintiffs, without objection on defendant's part, withdrew the first count and asked to recover the smaller sum of the difference between the market value and contract price.

It is evident that the defendant did not concede that the resale had been made under such circumstances as bound it, as to the amount recoverable, if the plaintiffs were entitled to recover. Its answer denies the allegations of the petition as to such resale, and its brief in this court asserts its right to now question the resale. Clearly, if no valid resale was made, and defendant was not bound by the result thereof, the plaintiffs could abandon their claim therefor and rely on the claim for the difference between the market value and contract price. This is what plaintiffs have done and manifestly the defendant has not been damaged thereby, as the amount thus claimed is less than the undisputed difference between the contract price and the amount realized on the resale made.

[9] The amendment to section 269 of the Judicial Code provides that this court—

"on the hearing of any appeal, certiorari, writ of error, * * * shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." 40 Stat. c. 48, p. 1181 (U. S. Comp. St. Ann. Supp. 1919, § 1246).

Even if a technical error had been committed, a reversal on the above ground would be contrary to the above provision.

**[10]** It is contended that the court erred in directing a verdict for the plaintiffs for the amount of the difference between the market value proven and the contract price. The ground of contention is that the market value is a question of fact, and that the jury might have found it to be different from that testified to by the witnesses for plaintiffs. In this case the evidence adduced furnished no ground for finding but the one amount as the market value, and the jury would not have been warranted in finding any other amount.

"Testimony of a witness having personal knowledge as to the market value of a commodity at a given time and place is evidence of a substantive fact, and, if undisputed will demand a finding that the commodity was of the value fixed by the witness. In such a case the jury cannot arbitrarily disregard such testimony and substitute their own opinion as to the market value of the commodity." McNamara v. Georgia Cotton Co., 10 Ga. App. 669, 672, 674, 73 S. E. 1092, 1094.

See, also, Raney Bros. v. Georgia Cotton Co., 11 Ga. App. 450, 75 S. E. 672; Watson v. Hazelhurst & McAllister, 127 Ga. 298, 56 S. E. 459.

That there are times when it is proper for a court to direct a verdict is clear.

"It is well settled that the court may withdraw a case from them [the jury] altogether and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. Phœnix Ins. Co. v. Doster, 106 U. S. 30, 32; Griggs v. Houston, 104 U. S. 553; Randall v. Baltimore & Ohio R. R., 109 U. S. 478, 482; Anderson County Commissioners v. Beal, 113 U. S. 227, 241; Schofield v. Chicago & St. Paul Railway Co., 114 U. S. 615, 618." Delaware, etc., Railroad v. Converse, 139 U. S. 469, 472, 11 Sup. Ct. 569, 570 (35 L. Ed. 213).

See, also, Aerkfetz v. Humphreys, 145 U. S. 418, 12 Sup. Ct. 835, 36 L. Ed. 758; Elliott v. Chicago, Milwaukee etc., Railway, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 659, 21 Sup. Ct. 275, 45 L. Ed. 361.

The judgment of the District Court is affirmed.