22754. GLOVER *v.* KILLINGSWORTH.

DECIDED APRIL 28, 1933. REHEARING DENIED SEPTEMBER 29, 1933.

*A. L. Miller, Zach Arnold,* for plaintiff.
*E. R. King, H. A. Wilkinson,* for defendant.

SUTTON, J. A contract whereby a cotton broker purchased 100 bales of cotton, based on 1.95 points off the October New York middling price of cotton, the seller having the right to close the sale at any time prior to notice from the purchaser that he was going to close the same at the price fixed, to wit 1.95 points off October New York middling, and whereby the seller received 8 cents per pound, basis middling, on this cotton from the purchaser as an advance, and delivered to the purchaser 100 bales of cotton against the above purchase, which graded 1.60 points off middling, was not a contract dealing in cotton futures and was not void as being a wagering or gambling contract. *Kilpatrick* v. *Richter,* 139 *Ga.* 643 (77 S. E. 1065); *Daniel* v. *Reeves,* 139 *Ga.*

646 (77 S. E. 1067); *Richter* v. *Kilpatrick*, 143 *Ga.* 470 (85 S. E. 319); *Monk* v. *National Bank of Tifton*, 12 *Ga. App.* 253 (76 S. E. 278). The cotton was actually delivered and 8 cents per pound advanced to the seller by the purchaser, and on September 28, 1931, after due notice to the seller, the contract was closed by the purchaser at the price agreed upon. October, 1931, New York middling price of cotton at that time was 6.15 cents per pound, and, after deducting 1.95 points off the October, 1931, New York middling price, and 1.60 points which the cotton delivered was off middling grade, the price agreed upon for this cotton was 2.60 cents per pound. The price of the cotton sold in this case, figured on this basis, was $1315.11. The amount received by the seller from the purchaser as an advancement at the time the contract was entered into amounted to $3224.54. This left the seller due to return to the purchaser $1909.43 of the advancement received by him.

The above contract was not void as being vague, uncertain, and indefinite. The essentials of a sale were met. The articles sold were identified, an agreement was made as to the price to be paid, and the parties consented to the sale. There was certainly an agreement as to the price to be paid, which was to be October, 1931, New York middling price of cotton, less 1.95 points. The consideration was mutual. The purchaser received the cotton and the seller received the advancement, but, under the terms of the contract, was only entitled to receive for the final sale of the cotton 1.95 points less than the October, 1931, New York middling price of cotton. The contract was enforceable against both the seller and the purchaser. If the October, 1931, New York middling price of cotton, less the 1.95 points, and less the 1.60 points below middling which was the grade of the cotton delivered, amounted to more than the advancement made by the purchaser to the seller, then the purchaser would be liable if he failed to remit this difference to the seller; and as in this case, the converse of that is true. The contention that the contract in this case was unilateral as lacking in mutuality is without merit.

In these circumstances, we think that a suit brought by the purchaser against the seller, in which it was sought to recover the difference between the amount advanced to the seller on the cotton at the time the contract was entered into and the actual market

price of the cotton based on its grade and on 1.95 points off the October, 1931, New York middling price of cotton, set out a cause of action, and that the court erred in dismissing the same on demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

SUTTON, J. It is contended by the defendant that "(a) The contract does not contain 'an agreement as to the price to be paid, which was to be October, *1931,* New York middling price of cotton, less 1.95 points.' (b) It is not alleged in the petition that such was the contract. (c) That the year *1931* is not in terms stated in the contract, nor intimated, nor is its insertion authorized by the pleadings. (d) That the words found in the contract 'at 1.95 points off October N. Y. basis middling,' leaves uncertain the 'October' referred to, whether the year 1930, 1931, 1932, 1933, or other year, and that such omission is not cured by any allegation found in the petition." It is alleged in the petition that the contract for the sale of cotton was made on December 12, 1930, at the price of 1.95 points off of October N. Y. basis middling, that the contract was closed as provided therein on September 28, 1931, and that the price of cotton in October, 1931, was 6.15 cents per pound. While the memorandum agreement between the parties does not have the year "1931" after October, the petition does allege what the price of cotton was in October, 1931. This memorandum was made between cotton dealers, one the buyer and the other the seller. Persons acquainted with the usages and terms of the cotton business would understand the meaning of the language used in this memorandum agreement. They would understand that when a contract was made on December 12, 1930, for the sale of cotton, naming the price as 1.95 points off of October N. Y. basis middling, this referred to October, 1931. It could not refer to October, 1930, as they knew what the price of cotton was then, nor could it be construed as extending beyond the first October after such contract was made. As held in the original opinion, essentials of a contract for the sale of cotton are set out in the memorandum and the allegations in the plaintiff's petition. *Rehearing denied.*