### McCORD & SON v. LAIDLEY & COMPANY.

Laidley & Co. sold to McCord & Son a car-load of bacon, to be shipped to Augusta and paid for on delivery. They shipped the bacon, and drew on McCord & Son a draft payable on demand, which was presented before the arrival of the bacon. McCord & Son refused to pay the draft, and directed the bank to which it was sent for collection to return it to Laidley & Co., stating at the time that they would refuse to accept the bacon because the sellers had violated their contract in demanding payment before the money was due. Afterwards the bacon arrived, and the agent of Laidley & Co. tendered it to McCord & Son and gave them an opportunity to accept and pay for it, which they declined to do. The bacon was then sold by Laidley & Co's agent for the best price that could be obtained in the Augusta market, but bacon having declined in price, it brought less than McCord & Son had agreed to pay: *Held,* that McCord & Son were liable to Laidley & Co. for the difference between the contract price and the net proceeds of the sale of the bacon.

May 8, 1891.

Contracts. Vendor and purchaser. Before Judge
Eve. City court of Richmond county. November
term, 1889.

Reported in the decision.

Chas. Z. McCord, by Harrison & Peeples, for plain-
tiffs in error.

F. W. Capers, Jr., *contra.*

Lumpkin, Justice.

The substantial facts of this case are stated in the
head-note. The draft which Laidley & Co. drew on
McCord & Son for the price of the car-load of bacon
was payable on demand. This was entirely consistent
with the contract between the parties that the bacon
was to be paid for on arrival, and the draft, therefore,
was not improperly drawn. The only mistake about it
was, that it was presented for payment before the bacon
arrived and was, therefore, presented too soon; but cer-
tainly this fact did not give to McCord & Son the right
to repudiate the entire contract and refuse to accept and
pay for the bacon when it did arrive. If a note pay-
able at a future day should be given for the purchase of
personal property to be delivered when the note was
paid, and by mistake or inadvertence payment of the
note was demanded before its maturity, all that the
maker need do would be to decline payment and notify
the other party that he must wait until the note became
due before demanding payment thereof. The present
case seems to be one entirely analogous to the one sup-
posed. There is ample evidence to sustain the conclu-
sion that simply because the draft was presented to
McCord & Son before the bacon reached Augusta, they
sought to repudiate and cancel the entire transaction;
and also that when the bacon did arrive, they were
afforded an opportunity to accept and pay for it, which
they refused to do. We see no reason, in view of these

facts, for setting aside this transaction, or denying to Laidley & Co. their right to recover what they lost by reason of the decline in bacon and the refusal of McCord & Son to comply with their contract.

The motion for a new trial contains various exceptions to the charges and refusals to charge of the court, but in none of them do we find any error requiring a new trial. It seems quite plain, from a careful examination of the record, that exact justice has been done in this case.                    *Judgment affirmed.*