*J. H. Skelton*, contra.

---

3820. SIMS-McKENZIE GRAIN CO. *v.* PATTERSON & CO.

Where a purchaser fails to take and pay for goods sold, and the measure of the seller's damages is the difference between the contract price and the market price at the time and place of delivery, before the seller can conclude the purchaser upon the question of damages by a resale of the rejected goods it is essential that he should notify the purchaser of his intention to resell. A petition for damages, brought by a seller of goods against a purchaser who refused to take and pay for the goods, is subject to demurrer when it neither alleges the market value of the goods at the time and place of delivery, nor that after notice to the purchaser the goods were resold by the seller and a price less than the agreed price realized at the resale.

DECIDED MARCH 6, 1912.

Action for damages; from city court of Atlanta—Judge Reid. October 14, 1911.

*Walter A. Sims,* for plaintiff in error.

*R. H. Jones, Alfred C. Broom,* contra.

POTTLE, J.   The allegations of the plaintiff's petition, so far as necessary to an understanding of the opinion about to be rendered, are as follows:   Damages are alleged in the sum of $272 for the breach of a written contract, under the terms of which the plaintiff sold to the defendant 5 cars of oats, to contain 5,000 bushels, which were to be shipped in February, buyer's option, and for which the defendant was to pay 58 cents per bushel, "f. o. b. Atlanta."   The oats not having been ordered out, the petitioner alleges their shipment in four cars, each containing 1,250 bushels, on February 28.   The petition further alleges, that upon the arrival of the oats in Atlanta, the defendant accepted one car and rejected the others; that after tender and refusal to accept, and further refusal to pay for the oats as contracted for, the plaintiff availed itself of the right to resell the oats, and on the 25th of March, through its broker, did sell the oats under the highest offer, of 52 cents per bushel.   The following damages were alleged as arising out of and incident to the aforesaid breach of the contract: difference between contract price and resale price, $225; demurrage, $38; brokerage on reselling, $9.   The defendant demurred to the petition, upon the following grounds:   (1) because it set forth no cause of action; (2) because, under the contract, the oats were to be shipped in 5 cars of 1,000 bushels each, and it appeared from the petition that they were shipped in 4 cars of 1,250 bushels each; (3) because the petition failed to allege what was the difference between the contract price and the market price of the oats at the time and place of delivery; (4) because the petition failed to allege that the defendant was notified of the plaintiff's intention to resell the oats, and of the time and place of the resale; (5) because it appeared from the petition that the resale of the oats was unreasonably delayed; (6) the item of $38, demurrage, should be stricken; (7) the items for brokerage and resale should be stricken.   The demurrer was overruled and the defendant excepted.

"If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time and place for delivery;

or he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale; or he may store or retain the property for the vendee and sue him for the entire price." Civil Code (1910), § 4131. In the present case the seller elected to resell the property. The theory of the petition is that the defendant is bound for the difference between the contract price and the price realized at the resale, without reference to whether the latter price represents the market value of the oats or not. There are no allegations in the petition that the defendant was notified of the plaintiff's intention to resell. Before the plaintiff could avail itself of the special statutory right to resell the property and conclude the defendant on the question of damages by the price realized at the resale, it was absolutely necessary that notice should be given, though it was not essential that the notice embrace information as to time and place of the sale. *Green* v. *Ansley,* 92 *Ga.* 647 (19 S. E. 53, 44 Am. St. R. 110) ; *Mendel* v. *Miller,* 126 *Ga.* 834 (56 S. E. 88, 7 L. R. A. (N S.) 1184). The decision in *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011), does not rule to the contrary. The headnote in that case is somewhat misleading, but the opinion is very clear in laying down the rule above announced. Indeed, it appeared in that case that the goods were never tendered, no demand for payment was ever made, and the goods were resold before the time for payment or that for delivery had arrived. Where the seller fails to give notice, he can still hold the purchaser liable for the difference between the contract price and the market price of the goods at the time and place of delivery, without reference to what disposition is made of the rejected goods. In the present petition there is no allegation in reference to the market price of the goods at the time and place of delivery. In the absence of a notice of intention to resell the goods as agent of the purchaser, the purchaser was not bound by the price realized at the time of the resale. It can not be said, as a matter of law, in the present case that the seller delayed unreasonably in making a resale of the goods The contract was for 5 cars of 1,000 bushels each. It was a substantial compliance therewith to ship the oats in 4 cars of 1,250 bushels each. The defendant was not chargeable with demurrage, nor with brokerage charges resulting from a resale of the oats. There being no allegation as to what was

the market value of the oats at the time and place of delivery, and no averment that notice had been given the purchaser, as the Civil Code (1910), § 4131, requires, the petition was subject to the demurrer filed thereto, and should have been dismissed.

*Judgment reversed.*