4559.   ALBANY   MILL   SUPPLY   COMPANY   *v.*   UNITED
ROOFING & MANUFACTURING COMPANY.

That part of section 4131 of the Civil Code of 1910 which provides, as one of the remedies of the vendor, where a purchaser refuses to take and pay for goods bought, that "he may store or retain the property for the vendee and sue him for the entire price," is not applicable where the contract allows the purchaser to select from different kinds of goods specified therein, and no selection has been made by him. Where the purchaser refuses to make a selection, the seller can not make the selection for him, and, on his refusal to pay, sue him for the price.

DECIDED APRIL 2, 1913.

Complaint; from city court of Albany—Judge Clayton Jones. November 13, 1912.

*Mann & Milner,* for plaintiff in error.    *Peacock & Gardner,* contra.

HILL, C. J.  The United Roofing & Manufacturing Company sued the Albany Mill Supply Company for the contract price of three car-loads of Congo roofing, which it alleged the defendant had contracted to purchase from the plaintiff, under the terms of a written contract, but had refused to take and pay for. The contract (a copy of which is attached to the petition) stipulates that the defendant agrees to purchase "three minimum car-loads of· Congo roofing during the life of this contract," in consideration of which the plaintiff agrees to give the defendant the exclusive sale of Congo roofing in Albany, Georgia; and that the plaintiff agrees "to ship the three car-loads which you [The Albany Mill Supply Company] will order at the special agency prices as follows," specifying four kinds of Congo roofing at different prices. It is further stipulated that the contract is to be for the calendar year 1911, subject to six months extension should it be found that three car-loads could not be ordered within the year. The suit was filed in September, 1912. In the petition it is alleged that the plaintiff "has stored and now retains for" the defendant three car-loads of Congo roofing of a stated value (the amount sued for), "as per itemized statement" attached to the petition, "the Congo roofing contained in said statement being a duplicate of car-load of Congo roofing which was shipped to" the defendant by the plaintiff on a given date prior to the contract. The roofing specified in this itemized statement is of different kinds and prices specified in the contract. It is not alleged that any selection of roofing was made by the defendant. The defendant demurred generally to the petition, and demurred specially to the paragraph containing the allegation as to the storing and retention of the three car-loads for the defendant, because it was not alleged how, why, and under what authority they were stored. The case came to this court on exceptions to the overruling of the demurrer.

We think that the court erred in overruling the demurrer. There was no identification of the thing sold, to wit, the kind of Congo roofing. Under the contract the defendant had the right to select one or more of four kinds, and· the plaintiff could not arbitrarily make the selection for him, on his refusal to order or

take any of the roofing, and store or retain for him the roofing so selected, and sue him for the price. It is elementary law that to constitute a contract of sale, there must be an identification of the thing sold, an agreement as to the price to be paid, and the consent of both parties. Civil Code (1910), § 4106. That part of section 4131 of the Civil Code of 1910 on which the plaintiff bases this suit, and which provides, as one of the remedies of the vendor, where a purchaser refuses to take and pay for goods bought, that "he may store or retain the property for the vendee and sue him for the entire price," is not applicable where the contract allows the purchaser to select from different kinds of goods specified therein, and no selection has been made by him.

*Judgment reversed.*