### FELTY *v.* SOUTHERN FLOUR AND GRAIN COMPANY.

FISH, C. J. 1. If a vendee refuses to take and pay for goods bought, one of the remedies given the vendor by the Civil Code, § 4131, is: "he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale." However, before the vendee will be liable for such difference, it must appear that he was notified of the vendor's intention to resell at the vendee's risk. *Green* v. *Ansley,* 92 *Ga.* 647 (19 S. E. 53, 44 Am. St. R. 110); *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011); *Mendel* v. *Miller,* 126 *Ga.* 835, 837 (56 S. E. 88, 7 L. R. A. (N. S.) 1184).

(a) Nothing was said in *McCord* v. *Laidley,* 87 *Ga.* 221 (13 S. E. 509), contrary to what was held in the above-cited cases. It appears from the record in *McCord* v. *Laidley,* of file in this court, that the petition specifically alleged that notice of the resale was given to the vendee, and that on the trial such notice was proved by the plaintiff and not denied by the defendant. The record raised no point as to want of notice, and the opinion rendered in the case dealt only with the con-

trolling points. That case, therefore, is not even a "physical precedent" for holding that notice to the vendee of resale at his risk is not necessary.

(b) The fact that the vendor tendered the goods, and that the vendee refused to accept them, is no reason why a notice of resale by the vendor at the vendee's risk should not be given. This is true because the right to recover the difference between the contract price and the price on resale is given to the vendor only where the vendee refuses to take and pay for the goods bought; and manifestly there could be no refusal to take the goods by the vendee unless he had the opportunity to take them—that is, unless they had been offered or tendered to him by the vendor. What was said in *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.*, 109 *Ga.* 607 (34 S. E. 1011), to the effect that proof of tender of the goods and demand for payment by the vendor, and refusal by the vendee to take the goods or pay for them, would dispense with the necessity of notice to the vendee of the vendor's intention to resell at the vendee's risk, was not necessary to the decision there rendered, and the last sentence in the opinion clearly shows that the ruling made was distinctly put on the fact that the petition did not allege that the vendee was notified of the resale.

2. The action being for the recovery of the difference between the contract price and the price on resale by the plaintiff of goods sold by the plaintiff to the defendant, which the latter refused to take and pay for, and there being no evidence of any notice to the defendant of the intention of the plaintiff to resell the goods at the defendant's risk, the plaintiff was not entitled to recover, and therefore the court properly granted a nonsuit.      *Judgment affirmed.   All the Justices concur.*
                                    JULY 19, 1913.

Complaint.   Before Judge Pendleton.   Fulton superior court. February 2, 1912.

*George B. Rush,* for plaintiff.   *Walter McElreath,* for defendant.