6677.   UNITED ROOFING & MANUFACTURING Co. *v.* ALBANY
MILL SUPPLY Co.

RUSSELL, C. J. 1. The remedies provided in section 4131 of the Civil Code are not exhaustive, and do not exclude the pursuit of a different remedy by the seller, when none of the three methods of procedure mentioned in the code section is available, in dealing with a purchaser who refuses to accept and pay for goods which he has bought (*Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483, 68 S. E. 279); but an identification of the thing sold is an element so essential to a contract of sale that there can be no actionable breach of an alleged contract of purchase when it does not appear that the parties ever agreed as to the identity of the thing which was offered to be sold. Civil Code, § 4106.

2. The decision in this case is controlled by the ruling of this court in *Albany Mill Supply Co.* v. *United Roofing Co.,* 12 *Ga. App.* 537 (77 S. E. 829), and the court did not err in sustaining the demurrers to the petition and dismissing the action. By conferring upon the purchaser alone the right to select its three car-loads of roofing from any one, or all four, of four different kinds of roofing, the contract precluded the vendor from arbitrarily manufacturing specially for the purchaser three car-loads of a particular kind of roofing selected by itself, instead of by the purchaser, which might have selected roofing of an entirely different kind and value, if it had ordered the roofing to be shipped.

(*a*) None of the three remedies provided by section 4131 of the Civil Code is available to a vendor unless there has been an identification of the subject of the sale; and consequently the second count of the petition, which sought a recovery of the expense of selling three cars of roofing, which had been arbitrarily selected by the vendor without regard to the purchaser's right to select roofing of such kind and price as it desired, was properly stricken. Under the allegations of the second count the expense of selling amounted to no more than an actual, and legal equivalent of the second remedy provided by section 4131 of the Civil Code.

(*b*) Even if the remedy of a resale of the property were permissible, the allegations of the second count of the petition do not show that the mill-supply company received any notice of the intention of the roofing company to resell; and such notice is essential to the exercise of this right by the vendor. *Sims* v. *Pattison,* 10 *Ga. App.* 744 (73 S. E.

1080); *Green* v. *Ansley*, 92 *Ga.* 647 (19 S. E. 53, 44 Am. St. R. 110); *Davis Sulphur Co.* v. *Atlanta*, 109 *Ga.* 60 (34 S. E. 1011); *Mendel* v. *Miller*, 126 *Ga.* 837 (56 S. E. 88, 7 L. R. A. (N. S.) 1184).

*Judgment affirmed.*

Decided May 30, 1916.

Action on contract; from city court of Albany—Judge Clayton Jones.   May 18, 1915.

*Peacock & Gardner, R. J. Bacon,* for plaintiff.

*James Tift Mann,* for defendant.