## 12178. RAPE v. RAPE.

STEPHENS, J. 1. Where there is an executory contract for the sale of personal property, and the purchaser defaults and refuses to accept delivery under it, the seller may, if he has not resorted to the remedy of selling or storing the property sold for the benefit of the purchaser, as provided in the Civil Code (1910), § 4131, recover as damages against the purchaser the difference between the contract price and the market value at the time and place for delivery. In a suit by the seller against the purchaser to recover such damages, even though the seller may have alleged an actual sale by him of the property after the purchaser's default, without alleging that the seller had pursued the remedy provided in the Civil Code, supra, by reselling the property as the agent for the purchaser and for the purchaser's benefit after notice to the purchaser of the seller's intent to sell, and even though the seller may in such suit have alleged his damage as the difference between the contract price and the price on resale, he may nevertheless recover damages measured by the difference between the contract price and the market value at the time and place for delivery, where it appears that the price brought upon such resale represented the market value at such time and place.

2. Where the subject-matter of the sale was a crop of peaches to be delivered during the season, and it appeared that, upon the refusal of the purchaser to accept delivery when tendered under the terms of the

contract, the seller sold the peaches at the time and place for delivery, for the best price obtainable, the jury were authorized to infer that the contract price when offset by such price on resale represented the damage sustained by the seller arising from the purchaser's breach of the contract, which damage is measured by the difference in the contract price and the market value at the time and place for delivery.

3. There was no error in refusing to charge that the seller, in order to recover, must have given to the defendant notice of the seller's intention to resell.

4. No error of law appears, and the verdict rendered for the plaintiff was authorized.     *Judgment affirmed.  Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1922.

Action on contract; from city court of Houston county — Judge Riley.  December 6, 1920.

*Marx Kunz,* for plaintiff in error.   *C. L. Shepard,* contra.