12802.   OGLESBY GROCERY CO. v. PUYALLUP & SUMNER FRUIT GROWERS CANNING COMPANY.

STEPHENS, J.   1. A provision in a contract for the sale of personalty, whereby the seller is obligated to make shipment of certain designated and described preserved fruits in definite quantities " during or soon as possible after pack of 1920," is sufficiently certain and definite of

ascertainment as to the time of shipment to be capable of enforcement. How soon it would be possible to make such shipment after the pack of 1920 is a question of fact, capable of being established by evidence. A further stipulation in the same contract, by which the seller reserves the right, " owing to the uncertainty of the supply ·of sugar, . . to make deliveries from time to time," does not nullify tne provision first quoted above, or in any wise modify it so as to render the obligation of the seller less certain or less capable of ascertainment. The seller's reserved right " to make deliveries from time to time " must be given a construction consistent with the seller's obligation to make shipment " during or soon as possible after pack of 1920," and the seller, in exercising his right to thus make deliveries from time to time, must make them from time to time " during or soon as possible after pack of 1920." See, in this connection; *Slater* v. *Savannah Sugar Refining Corporation*, 28 *Ga. App.* 280 (110 S. E. 759).

2. Likewise, a provision which reads, " goods to be shipped in seller's discretion as soon as practicable after packing," does not nullify or render uncertain the seller's obligation to ship.

3. A contract which is required by the statute of frauds to be in writing may nevertheless comply with the statute and be subject to explanation by parol evidence, upon the same principle that any contract, even if it purports to speak the entire agreement between the parties, is subject to explanation by parol. It follows, therefore, that a provision in the contract sued on, which reads, " specifications subject to change after specialty work is done," meaning that the seller was to furnish to the purchaser the services of salesmen to work in connection with the salesmen of the purchaser and assist in advertising and selling for the purchaser goods purchased by the purchaser from the seller, may, without doing violence to the statute of frauds, and in so far as the other provisions of the contract are not ·contradicted or added to, be explained by parol. An allegation in the petition to this effect was good against demurrer.

4. Construing the last above-mentioned provision in the contract in accordance with the seller's allegation in the petition, as meaning that the purchaser had the right, after the seller had complied with his obligation to perform for the purchaser certain " specialty work," to select from the various kinds of goods specified in the contract, and to vary the quantities specified in the contract, the seller would not be relieved of his duty to furnish, or the purchaser of his duty to purchase, the goods according to the descriptions and aggregate quantities stipulated in the contract.

5. The contract sued on by the seller is a valid contract between the parties, and meets all of the requirements of the statute of frauds.

6. Upon a breach of such a contract by the purchaser the seller had the right, under the Civil Code (1910), § 4131, to store the property for the benefit of the seller and bring suit against the latter for the contract price. The goods sold under the contract sued on being specifically described in the contract, and there being no right thereby given to the purchaser to select different kinds of goods as a condition precedent to an identification of the goods sold, this case is distinguish·

able from *Albany Mill Supply Co.* v. *United Roofing & Mfg. Co.*, 12 *Ga. App.* 537 (77 S. E. 829), and *Overland Southern Motor Car Co.* v. *Hill*, 145 *Ga.* 785 (89 S. E. 833).

7. A contract purporting to be executed by a corporation is the act of the corporation when the corporate name is subscribed thereto by an officer of the corporation having authority to execute the contract and bind the corporation, even though the officer attaching the signature of the corporation does not attach his name thereto or indicate in any manner that the signature of the corporation was attached by any person having authority to attach it. If the contract was in fact executed in behalf of the corporation by one having authority so to do, this fact may be shown by parol. A suit thereon against the corporation by the other contracting party is not subject to special demurrer upon the ground that it does not appear that the party signing in behalf of the corporation by affixing his initials thereto did not appear to° be an individual having authority so to do, when it is alleged in the petition that the party affixing the initials was a named individual who was an officer of the corporation and as such had authority to execute the contract in behalf of the corporation. 20 Cyc. 274 (3), and cases there cited.

8. The court did not err in overruling the defendant's demurrers both general and special to the petition as amended.

*Judgment affirmed.   Jenkins, P. J., concurs.*
Decided July 24, 1922.

Complaint; from city court of Atlanta — Judge Reid.    June 22, 1921.

*A. S. Grove,* for plaintiff in error.
*Napier, Wright & Wood,* contra.