14596.   ALLISON LUMBER CO. *v.* DECATUR LUMBER CO.

BROYLES, C. J.   1.   Where a purchaser refuses to take and pay for goods bought, and the vendor elects to sell the property, the difference between the contract-price and the price of resale constitutes the amount of the damages for the breach of the contract.   Accordingly the trial court in the instant case did not err in striking from the petition, on special demurrer, certain items of expenses alleged to have been incurred in the shipment and resale of the goods in question, such as freight, taxes, demurrage, storage, labor, insurance, etc.   Civil Code (1910), § 4131; *Bridges Grocery Co.* v. *Dan Joseph Co.,* 9 *Ga. App.* 189 (70 S. E. 964); *Sims-McKenzie Grain Co.* v. *Patterson,* 10 *Ga. App.* 742, 744 (73 S. E. 1080); *Steinhauer & Wight Inc.* v. *Thompson,* 16 *Ga. App.* 470 (2) (85 S. E. 677).

2.   Under the facts of the case, none of the rulings excepted to, excluding evidence offered by the plaintiff, was material error, if error at all.

3.   The plaintiff failed to prove its case as laid, and the court did not err in awarding a nonsuit.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
DECIDED JULY 10, 1923.

Action for breach of contract; from city court of Bainbridge — Judge Spooner.   March 29, 1923.

*N. L. Stapleton, Harrell & Custer,* for plaintiff.

*T. S. Hawes, John R. Wilson,* for defendant.

14598.   KING *v.* THE STATE.

BROYLES, C. J.   The verdict was amply authorized by the evidence, and none of the special grounds of the motion for a new trial requires another hearing of the case.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
DECIDED JULY 10, 1923.

Indictment for bigamy; from Troup superior court — Judge Roop.   March 24, 1923.

*M. U. Mooty,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, Harry M. Breed,* contra.