### 14517. CARTERSVILLE GROCERY CO. *v.* TAYLOR.

BELL, J. 1. If a purchaser refuses to take and pay for goods bought, the seller (1) may retain them and recover the difference between the contract price and the market price at the time and place for delivery; or (2) he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale; or (3) he may store or retain the property for the vendee and sue him for the entire price. Civil Code (1910), § 4131. The petition in this case, in a single count, was sufficient as a basis for the recovery of damages under either the first or the second remedy stated in the code section cited above. If it was objectionable for duplicity, the point was not made, and such demurrers as were filed were overruled without exceptions. In such a case the plaintiff could recover upon either theory pleaded upon which he might elect to proceed upon

the trial and establish by evidence. *New Zealand Fire Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (8 e) (116 S. E. 922).

2. Where, on the refusal of the purchaser to take and pay for goods bought, the seller elects to sell the property, acting for this purpose as agent for the vendee, and to recover the difference between the contract price and the price on resale, it is indispensable that notice of the intention to resell be given to the vendee by the seller. *Green* v. *Ansley,* 92 *Ga.* 647 (1) (19 S. E. 53, 44 Am. St. Rep. 110); *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011); *Mendel* v. *Miller,* 126 *Ga.* 834 (1), 837 (56 S. E. 88, 7 L. R. A. (N. S.) 1184); *Felty* v. *Southern Flour Co.,* 140 *Ga.* 332 (78 S. E. 1074); *Robson* v. *Weil,* 142 *Ga.* 429 (5) (83 S. E. 207); *Sims-McKenzie Grain Co.* v. *Patterson,* 10 *Ga. App.* 742 (73 S. E. 1080). In the instant case what was claimed by the plaintiff upon the trial to have constituted such notice was a letter from the plaintiff to the defendant, as follows: "Referring to the 120 barrels of Swansdown flour which we are holding for you, beg to advise that we have an offer from the mill to take this back at $10 per barrel, subject to our prompt acceptance. We are still willing to deliver you this flour along in small lots, payments to be made weekly, and wish to know at once whether you wish us to fill your contract or sell this flour for your account. This would net you something like $9.40 here for the flour. Please let us know to-morrow what you intend to do about this." The defendant replied, saying, among other things, "I don't think it is up to me to dictate what should be done with the flour." *Held:* The plaintiff's letter was not a sufficient compliance with the above requirement as to notice of the plaintiff's intention to resell. It amounted only to an inquiry as to the wishes of the defendant, or at most to a declaration of intention to resell if the defendant so directed, but did not declare what would be done if such direction was withheld. If the defendant had replied that he wished the resale, then the two letters, taken together, might have implied an agreement between the parties, and therefore an intention on the part of the plaintiff, that it would pursue such a course; but such was not the case. It follows that under the evidence the plaintiff was not entitled to recover damages by the second remedy stated in section 4131 of the Civil Code (1910).

3. Nor was there any evidence of the difference between "the contract price and the market price at the time and place for delivery," the plaintiff merely showing the price received on a resale for delivery in Indiana, while delivery under the contract was to be made at Cartersville, Georgia. Furthermore, the only witness sworn, the president of the plaintiff company, testified: "The difference I sue for is $734.52, being the difference between the contract price and the price on resale." Thus, there was likewise a failure to bring the case within the first remedy stated in the code section referred to.

4. Plaintiff having failed to prove its case as laid upon either theory set out in the petition, the award of a nonsuit was proper.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 27, 1923.

Action for breach of contract; from city court of Cartersville—
Judge Townsend.   December 13, 1922.

*James R. Whitaker,* for plaintiff.

*C. C. Pittman, G. H. Aubrey,* for defendant.