*Walter DeFore, James C. Estes,* for plaintiff.

*T. S. Felder,* for defendant.

---

14429.   BODENHEIMER MOLASSES CO. *v.* EDENFIELD.

STEPHENS, J.   1.   What constitutes reasonable time within which a vendor may, as agent of the vendee, sell personal property under the Civil Code (1910), § 4131, after the vendee's breach of a contract of sale, is ordinarily a question for the jury. The character and quantity of the commodity contracted to be sold and the state of the market at the place of delivery are facts to be considered in determining what constitutes reasonable time. That the commodity contracted to be sold was syrup in barrels, in quantities in excess of the demand of the market at the time and place of delivery, that it was necessary to remove the commodity to a more advantageous market, that it could only be sold to advantage from time to time in broken lots, that it was impossible to make any immediate sale to the best advantage, and that the vendor had been reasonably diligent in his efforts to sell the commodity, are facts which would authorize a jury to infer that a sale of such commodity during a period of time from six to ten months after the breach and refusal by the vendee to accept the commodity sold, may have been effected within a reasonable time.

2.   In a suit by the vendor against the vendee, to recover for an alleged breach of a contract of sale of personalty, where the vendor seeks to recover the difference between the contract price and the price on resale, as provided in the Civil Code (1910), § 4131, an allegation in the petition that, upon the breach of the contract by the vendee and upon the refusal of the vendee to accept the goods sold, the vendor notified the vendee that the former would hold the latter liable for "all differences or losses which it [the vendor] might suffer by reason of said breach," and duly notified the vendee of the vendor's intention to sell the commodity, is sufficient to allege a notice by the vendor to the vendee of the vendor's intention to sell the commodity as the vendee's agent, and to recover of the vendee the difference between the contract price and the price on resale.

3.   The petition otherwise set out a cause of action, and was improperly dismissed on demurrer.

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1924.

Action for breach of contract; from city court of Swainsboro— Judge Kirkland.   February 26, 1923.

Application for certiorari was denied by the Supreme Court.

*A. S. Bradley, Guy Alford,* for plaintiff.

*Arthur W. Jordan,* for defendant.