20893.   ABERCROMBIE v. GEORGIA DISTRIBUTING COMPANY.

BELL, J. In the second trial of this case (see former decision, 39 *Ga. App.* 654, 148 S. E. 296), the plaintiff vendor sought to recover as damages of the defendant vendee the difference between the contract price and the price obtained on a resale claimed to have been made under the provisions of the Civil Code (1910), § 4131. The main question for decision was whether the defendant was given sufficient notice of the plaintiff's intention to resell the goods, after the defendant's refusal to accept and pay for them according to the contract. *Held:*

1. Where, on the refusal of the purchaser to take and pay for goods bought, the vendor elects to resell the property and recover the difference between the contract price and the price on resale, it is indispensable that notice of the intention to resell be given to the vendee by the seller.

*Green* v. *Ansley*, 92 *Ga.* 647 (19 S. E. 53, 44 Am. St. R. 110); *Felty* v. *Southern Flour Co.*, 140 *Ga.* 332 (78 S. E. 1074). Such notice should be given a reasonable time before the resale (*Robson* v. *Weil*, 142 *Ga.* 429 (5), 83 S. E. 207), and must contain a definite statement of the vendor's election. *Overstreet* v. *Carmichael Grocery Co.*, 29 *Ga.* App. 189 (114 S. E. 714).

2. The following letter from the plaintiff to the defendant was not a compliance with the law as to notice of resale, where the vendor was seeking to fix the damages by the terms of section 4131: "If you won't take the goods according to your contract we must sell them to someone else who will do so. As the market is down we must hold you responsible for any loss. If we do not hear from you by Thursday, October 21, we must proceed to take steps according to Interstate Cotton Seed Crushers Association rules to protect ourselves." Properly construed, this letter was a mere statement that (in case of no reply) the writer would "proceed to take steps according to" the rules of a certain association, which might or might not meet the requirements of a proceeding under the code. Moreover, according to the allegations of the petition, by which the plaintiff is bound (*New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (6), 116 S. E. 922), the rules of the association required a "wire notice," and not a letter notice, and for this reason the letter did not purport to be final. Cf. *Cartersville Grocery Co.* v. *Taylor*, 31 *Ga. App.* 253 (2) (120 S. E. 447).

3. It appearing that the charge for sending the telegram of October 29 was not paid, but was expected to be charged to the plaintiff's account, and the evidence failing to show any arrangement between the plaintiff and the telegraph company for such credit, evidence which showed only that the telegram was delivered to a messenger boy of the telegraph company was insufficient to authorize any presumption or inference that the message was ever transmitted and delivered to the defendant. *National Building Association* v. *Quin*, 120 *Ga.* 358 (3) (47 S. E. 962); *Bankers Mutual Casualty Co.* v. *Peoples Bank*, 127 *Ga.* 326 (2) (56 S. E. 429). Furthermore, this "telegram," in stating, "hereby notify you selling for your account," did not appear to give notice of an intended future act, but indicated that the sale was then in progress or was about to take place, and could not be construed as a reasonable and timely notice of intention to resell, since it apparently held out no invitation or opportunity to the vendee to protect himself, as contemplated by law.

4. The telegram of October 30 was admittedly received by the defendant, but according to the undisputed evidence of the plaintiff, this message was not sent until 5 o'clock p. m. of that day, and the resale occurred within thirty minutes thereafter. What would be a reasonable time is usually a question for the jury (*Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3), 58 S. E. 200; *Bodenheimer Molasses Co.* v. *Edenfield*, 31 *Ga. App.* 640, 121 S. E. 862); but where it is clear and manifest that no sufficient time had elapsed for a given action, the court may so hold as a matter of law. *American Railway Express Co.* v. *Roberts*, 28 *Ga. App.* 510 (111 S. E. 744), and cit. "If the vendee has notice he may attend the sale, if a public one, and see that it is fair, or, whether the sale be public or private, he may be able to bring about competition

or to secure a purchaser who will give the full value of the goods. He may be able in other ways to prevent loss to himself." *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607, 608 (34 S. E. 1011).

5. It appearing that the places of business of the parties in the instant case were in different cities, so that they were accustomed to transact business by mail and by telegraph, a notice of less than thirty minutes was as a matter of law insufficient, and especially is this true where there is nothing to show *when* the message was received by the defendant, and some time must have been consumed in its transmission. The resale may have been consummated even before the telegram was delivered to the addressee. The evidence·did not authorize a recovery, whether the plaintiff was proceeding under the Civil Code, § 4131, or under the rules of the crushers association. A reasonable notice of an intention to resell was required in either case.

6. The verdict for the plaintiff was contrary to the evidence, and should have been set aside on the defendant's motion for a new trial. It is unnecessary to pass upon the other questions raised.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1931.

*Astor Merritt,* for plaintiff in error.
*J. R. Hutcheson,* contra.