23005.   DURKEE FAMOUS FOODS INC. *v.* SELIG COMPANY.

Decided January 31, 1934.   Rehearing denied February 16, 1934.

*Ralph R. Quillian, Dillon, Calhoun & Dillon,* for plaintiff.

712

*Herbert J. Haas, George B. Tidwell, Julian F. Joselove,* for defendant.

JENKINS, P. J. 1. Under the Civil Code (1910), § 4106, expressing the general law, "an identification of the thing sold" and "an agreement as to the price to be paid" must coexist with "consent of the parties," in order to constitute a valid contract of sale. "Where in a contract for the sale and purchase of goods there is no agreement as to the identity of the thing sold, an action for breach of the contract by refusal to accept the goods tendered is not maintainable." *Willard Bag Co.* v. *Empire State Guano Co.,* 24 *Ga. App.* 34 (99 S. E. 713); *United Roofing Co.* v. *Albany Mill Supply Co.,* 18 *Ga. App.* 184 (89 S. E. 177); *Albany Mill Supply Co.* v. *United Roofing Co.,* 12 *Ga. App.* 537, 539 (77 S. E. 829). Where a writing leaves either the quantity or some other identifying feature of goods to be sold open to the option or selection of the buyer, without imposing upon him a definite obligation, there is no meeting of the minds of the parties, and no valid sale. *Overland Motor Co.* v. *Hill,* 145 *Ga.* 785 (2), 786 (89 S. E. 833). The rule as to identification of the property and the quantity sold applies to executory as well as to executed contracts, even though the particular articles in the "kind or class of goods to be sold" are not required to be identified and described with the same degree of fullness and certainty in executory agreements for the future delivery of goods as in executed sales. *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695, 698 (58 S. E. 200); *Klimax Overall Co.* v. *Converse,* 39 *Ga. App.* 742 (3), 745 (148 S. E. 349). While it is true that, "if parties agree that one will buy and the other sell articles of a certain character at stated prices, without specifying any number or amount of such articles, leaving the purchaser to give orders, the giving of an order or orders for certain things included in the offer to sell, before its withdrawal or termination, makes a contract as to the things so ordered, and the contract is no longer unilateral as to them" (*Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282, 75 S. E. 354; *McCaw Mfg. Co.* v. *Felder,* 115 *Ga.* 408 (3), 41 S. E. 664; *Watkins Co.* v. *Harrison,* 31 *Ga. App.* 270 (2, c), 120 S. E. 432); yet such an acceptance and delivery will not cure the indefiniteness and lack of mutuality in obligations as to articles not ordered and not accepted.

2. A petition by a seller, to recover from a buyer the difference

between the contract price and the market price at the time of an alleged breach of a contract of sale of 212,000 undelivered "pounds of Cochin type cocoanut oil" on the basis of an alleged contract price of 7⅜ cents a pound, did not set forth a cause of action where the alleged contract, attached to and made part of the petition, failed to identify both the quantity of oil sold and the price to be paid therefor, but merely provided that the quantity was to be "3 seller's tanks or 6 cars," that the price was "6⅜ cents in tank cars, 6.80 cents in nonreturnable drums, 7⅛ cents in barrels—all C. A. F. (meaning cost and freight) Atlanta, Georgia," that an additional ¼ cent a pound was to be paid on oil taken out from July 1 through December, during the existence of the alleged contract extending during 1931 and until March 31, 1932, that the packing was to be "in tank cars or cars of drums or barrels, buyer's option," and that the weights were to be final as determined by "Transcontinental Freight Bureau or Public Service Commission of Oregon or a recognized public weigher." Such an undertaking failed to show what weight of oil it was sought to obligate the purchaser to buy. While the petition seeks to charge an original obligation to purchase 240,000 pounds of oil, the contract on which the suit is based seeks merely to provide for the purchase of "three (3) seller's tanks or six (6) cars," and the petition in no way sets up any usage or custom of the trade whereby the weight content of a tank or car of oil must have been in the minds of the contracting parties. Any such custom or usage of trade must be properly pleaded. *Stewart v. Cook,* 118 *Ga.* 541 (3) (45 S. E. 398) ; *Hamby v. Truitt,* 14 *Ga. App.* 515 (2) (81 S. E. 593) ; *Electric City Lumber Co. v. N. Y. Underwriters Co.,* 43 *Ga. App.* 355, 357 (158 S. E. 620) ; *Matthews v. American Textile Co.,* 23 *Ga. App.* 675 (5) (99 S. E. 308). Moreover, even if the quantity of the alleged purchase would be ascertainable from the terms of the contract, the price and method of delivery is not so, since the three methods of delivery are specifically made at the option of the buyer, and the price varies according to what method of delivery he might select. The contract did not provide that the seller could select the method of delivery and the price upon the buyer's failure to do so. Even if a custom might be shown that such right existed on the seller's part, or might be shown to aid the defects in the identity of the property, such a custom must have been pleaded. Under the allegations made by the

petition, no question is raised as to whether an action for damages could be maintained for the failure of the defendant to make his selection under the contract. No such averment was made, and no such amendment was offered. The court properly sustained the general demurrer to the petition.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*