28261.  TYBEE AMUSEMENT COMPANY *v.* ACORN
REFINING COMPANY.

210

DECIDED JUNE 29, 1940.    ADHERED TO ON REHEARING, JULY 31, 1940.

*Ernest J. Haar,* for plaintiff in error.

*Gazan, Walsh & Bernstein,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) "If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time and place of delivery; or, he may sell the property, acting for this purpose as agent of the vendee, and recover the difference between the contract price and the price on resale; or, he may store or retain the property for the vendee and sue him for the entire price." Code, § 96-113. The Supreme Court, in *Felty* v. *Southern Flour & Grain Co.,* 140 *Ga.* 332 (78 S. E. 1074), ruled: "If a vendee refused to take and pay for goods bought, one of the remedies given the vendor . . is 'he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale.' However, before the vendee will be liable for such difference, it must appear that he was notified of the vendor's intention to resell at the vendee's risk." See *United Roofing &c. Co.* v. *Albany Mill Supply Co.,* 18 *Ga. App.* 184 (2 *b*) (89 S. E. 177); *Bennett* v. *Mann,* 24 *Ga. App.* 581 (101 S. E. 706); *Overstreet* v. *Carmichael Grocery Co.,* 29 *Ga. App.* 189 (114 S. E. 714); *Bell* v. Lamborn, 2 Fed. (2d) 205; *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.,* 109 *Ga.* 607 (34 S. E. 1011); *Cartersville Grocery Co.* v. *Taylor,* 31 *Ga. App.* 252 (120 S. E. 447); *Abercrombie* v. *Georgia Distributing Co.,* 43 *Ga. App.* 258 (158 S. E. 530).

The plaintiff is seeking to recover, for defendant's breach of the contract in failing to accept delivery of the goods ordered, damages in the difference between the contract price and the price on resale of the goods by the plaintiff at Mebane, North Carolina, and certain expenses enumerated as incurred by the plaintiff. The plaintiff alleges a breach of the contract; but since the required notice to the defendant of the plaintiff's intention to sell the goods and hold the defendant liable for the difference between the contract price and the price on resale was not given, the plaintiff shows no right to recover the damages as alleged.

The case of *Rape* v. *Rape,* 28 *Ga. App.* 273 (110 S. E. 754), is distinguishable, it appearing that the seller in that case, in effect,

212

was suing for and recovered the difference between the contract price and the market value at the time and place of delivery, and that it was not necessary for the seller to show notice to the purchaser of the intention to resell, notwithstanding the seller alleged in the petition that his damages were the difference between the contract price and the price on resale. The plaintiff is not entitled to recover of the defendant expenses incurred in making the resale, such as freight, storage, and commission paid to the agent making such resale, but, where proper notice has been given, is entitled to recover as damages only the difference between the contract price and the resale price. *Sims-McKenzie Grain Co.* v. *Patlerson,* 10 *Ga. App.* 742, 744 (73 S. E. 1080) ; *Wilkes* v. *Madden,* 27 *Ga. App.* 716 (109 S. E. 683) ; *Allison Lumber Co.* v. *Decatur Lumber Co.,* 30 *Ga. App.* 613 (118 S. E. 597).

The trial court did not err in overruling the general demurrer, but erred in overruling the special demurrers as indicated above.

*Judgment reversed. Sutton and Felton, JJ., concur.*