29062. CANNON MILLS CO. *v.* KIRKPATRICK INC.

DECIDED SEPTEMBER 16, 1941.

*Arnold, Gambrell & Arnold,* for plaintiff.

*P. L. Meadows, H. C. Holbrook,* for defendant.

SUTTON, J. 1. "If a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract price and the market price at the time, and place of delivery; or, he may sell the property, acting for this purpose as agent of the vendee, and recover the difference between the

contract price and the price on resale; or, he may store or retain the property for the vendee and sue him for the entire price." Code, § 96-113.

2. "Where, on the refusal of the purchaser to take and pay for goods bought, the vendor elects to resell the property and recover the difference between the contract price and the price on resale, it is indispensable that notice of the intention to resell be given to the vendee by the seller." *Abercrombie* v. *Georgia Distributing Co.*, 43 *Ga. App.* 258 (1) (120 S. E. 444). See also *Sims-McKenzie Grain Co.* v. *Patterson*, 10 *Ga. App.* 742 (73 S. E. 1080); *Cartersville Grocery Co.* v. *Taylor*, 31 *Ga. App.* 252 (2) (120 S. E. 447), and cit. Such notice must contain a definite statement of the vendor's election. *Abercrombie* v. *Georgia Distributing Co.*, supra; *Overstreet* v. *Carmichael Grocery Co.*, 29 *Ga. App.* 189 (114 S. E. 714).

3. The petition in the present case alleged that the defendant refused to accept part of certain goods which it had purchased from the plaintiff, through its sales agency, and that the plaintiff notified the defendant that the goods which had been refused would be sold for the defendant's account at the best price obtainable unless it should honor a draft drawn on the defendant for the amount of the goods so refused, the notice relied upon, as shown by a copy attached to the petition and made a part thereof, being a letter from the plaintiff's attorney reading: "Cannon Mills Products Department consulted me with respect to a controversy concerning your liability under a contract entered with it on January 16, 1940. I am advised that Cannon Mills Products Department drew a sight draft covering accumulation of motes and in accordance with said contract, and that you refused to honor the draft. I am further advised that you refused to give shipping instructions for the motes covered under the said contract. I have advised Cannon Mills Products Department to have its draft returned to the bank for collection, and in the event of your refusal to honor the draft to sell the said motes at the best price obtainable and to hold you for any loss resulting. I trust that you will honor this draft and promptly give shipping instructions. If you fail to honor the draft, it will be necessary to commence an action for any damage sustained by reason of your breach of said contract." It was alleged that the draft was dishonored and that the plaintiff sold the

goods at the best price obtainable, and judgment was prayed for the difference between the alleged contract price of the goods and the amount received from the sale. *Held:* The letter was not such notice as complied with the requirements of law where the seller elects to resell for the account of the purchaser, as it did not contain any declaration that the seller had elected to resell under the second provision of the statute, but at most showed only that the plaintiff's attorney had *advised* a resale in case the defendant failed to honor the draft for the purchase-price of the goods and that *an action* of some kind, but not necessarily one based on the difference between the contract price and the resale price, would be commenced. The purchaser was entitled to definite notice of election. The petition did not set forth a cause of action, and the court did not err in sustaining the defendant's general demurrer.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*