## 31386. GORDON *v.* BECK & GREGG HARDWARE COMPANY.

DECIDED NOVEMBER 7, 1946.   REHEARING DENIED DECEMBER 4, 1946.

*James B. Hamilton Jr.,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter,* for defendant.

PARKER, J. (After the above statement of facts.) ■ We do not think that the petition showed that no contract of sale was made because there was no unconditional acceptance of the defendant's order; or that the petition showed that the suit was barred by the statute of frauds. These two contentions will be treated together. All of the correspondence between the parties must be considered. Briefly, it appears therefrom that the plaintiff wrote the defendant offering to sell the two kinds of gymnasiums subsequently ordered by the defendant, one at $12.75 each and the other at $13.40 each, and shortly thereafter the defendant ordered, accepted, and paid for 50 of the No. WLS gymnasiums, at $13.40 each, before placing the similar order now involved in this case. When the defendant's last order was received, the plaintiff accepted it promptly, and in doing so notified the defendant that it was accepted "at the very same prices we have been making these sets for you per last billing, namely No. 7SW at $12.75 and No. WLS at $13.40." The other recitals and statements in the letter of acceptance were unnecessary and immaterial explanations of what the plaintiff had to do in furnishing the goods, and they did not have the effect of making the acceptance conditional. Thereafter the defendant in a letter admitted the placing of the order, and sought to cancel it because "better values at lower prices are being offered and will be offered soon." This letter shows that a price had been agreed upon and the defendant knew what it was. In several other

letters the defendant referred to the "cancellation of our order," to "this cancellation," and to "our cancellation," thereby admitting the placing of the order and its acceptance. We think that this correspondence clearly shows the making of a contract of purchase and sale between the parties to this case.

"The statute of frauds does not contemplate that the contract between the parties shall necessarily be made originally in writing, but requires only that, as against the party to be charged, it shall be evidenced sooner or later by a writing, signed by him or by some person legally authorized to act in his behalf. It is not necessary that the writing by which the contract is to be evidenced should have been executed simultaneously with the making of the contract; any writing, contemporaneous or subsequent, in which the party to be charged admits, over his signature, all the terms of the contract insisted on by the opposite party, is sufficient." *Capital City Brick Co.* v. *Atlanta Ice &c. Co.,* 5 *Ga. App.* 436 (63 S. E. 562). This case holds that the requisite written evidence of a contract may be supplied from a letter written by the party to be charged, or from a course of correspondence between the parties, and any signed writing or series of writings internally connected, intelligible without parol aid, and showing or admitting an agreement coextensive with the stipulations of the alleged contract is sufficient. "The statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum of the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such reference to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain." *North & Co.* v. *Mendel,* 73 *Ga.* 400(2) (54 Am. R. 879). "There may be various writings, provided they refer one to another, but they can not be correlated and connected together by parol evidence." *Lester* v. *Heidt,* 86 *Ga.* 226 (12 S. E. 214, 10 L. R. A. 108). Under these authorities and others that could be cited, we think that the writings executed by the parties, consisting of written orders and a number of letters written in connection with the orders, each of which letters referred to the orders or to the other letters, were

sufficiently correlated and connected to show a contract of purchase and sale in writing as required by the statute of frauds. Code, § 20-401 (7).

The defendant relies on *Turner* v. *Lorillard Co.*, 100 *Ga.* 645 (28 S. E. 383, 62 Am. St. R. 345), as authority for its contention that the suit was barred under the statute of frauds, because the price of the articles was not stated in the written order sent by mail from the defendant to the plaintiff. If nothing else appeared in the instant case except the written order, the decision relied on by the defendant might be in point; the holding therein being that the defect in a written order for goods which stated no price could not be supplied by parol testimony showing the establishment of a price, by dealings between the parties extending over a number of years. Clearly that ruling is not applicable here, because parol evidence is not necessary in this case to show the price of the goods. The letters exchanged between the parties, each definitely tied in with the others and with the written order under consideration, when considered together, show the price to be paid and a completed contract in writing. It was held in *Foster* v. *Leeper,* 29 *Ga.* 294, that letters of the defendant contained a sufficient acknowledgment of the contract to satisfy the statute of frauds; and in *Georgia Refining Co.* v. *Augusta Oil Co.,* 74 *Ga.* 508, that the case was not within the statute of frauds, because the contract was recognized in writing in many letters of the defendants; and in *Pitcher* v. *Lowe,* 95 *Ga.* 423 (22 S. E. 678), that letters written by one of the parties to the other acknowledging the making of a parol contract previously entered into between them are sufficient to take the case out of the statute of frauds; and in *Erwin* v. *Harris,* 87 *Ga.* 333 (13 S. E. 513), that evidence of correspondence between the parties by mail and by telegraph, the letters and telegrams showing the price of the oats and terms of the contract agreed upon, showed that the contract was in writing and was not void because in violation of the statute of frauds.

The defendant's third contention under its demurrer is that the plaintiff had elected a remedy different from the one sought to be enforced in the suit, and after an unreasonable delay had attempted to elect another remedy. This contention is based on the Code, § 96-113, which gives the seller three different remedies on the default of the buyer: (1) the seller may retain the goods and

recover the difference between the contract price and the market price at the time and place of delivery; or (2) he may sell the property, acting for this purpose as the agent of the vendee, and recover the difference between the contract price and the price on resale; or (3) he may store or retain the property for the vendee and sue him for the entire price. It appears from the petition in this case that the plaintiff undertook to sell the merchandise, after the defendant refused to accept it, by circularizing the trade throughout the country, between January and May, 1946, and the argument is that this was an election to adopt either the first or the second remedy provided in the Code. We can not agree to this contention, because the seller did not notify the buyer that he was retaining the goods, and did not sue to recover the difference between the contract price and the market price at the time and place of delivery, as provided under the first remedy; and did not notify the buyer of any effort to resell, and did not act in endeavoring to resell as the agent of the buyer, as provided under the second remedy. If a seller elects to pursue the second remedy under the statute and to sell the property, acting for this purpose as agent of the vendee, and to recover the difference between the contract price and the price on resale, "it is indispensable that notice of the intention to resell be given to the vendee by the seller." *Cartersville Grocery Co.* v. *Taylor,* 31 *Ga. App.* 252 (120 S. E. 447), and cit. It is not contended that the plaintiff complied with this requirement and gave the necessary notice to the defendant of his intention to resell the property; and for this reason the plaintiff can not be held to have elected to pursue that remedy.

Before filing suit, the plaintiff notified the defendant in May that the gymnasiums were retained for the defendant, and that suit would be filed for the entire purchase-price, and this would seem to be all that was necessary to adopt the third remedy provided by law. The remedies stated in the Code, § 96-113, are not exhaustive and do not exclude a different remedy to the seller where a purchaser refuses to take and pay for goods bought. *Carolina Portland Cement Co.* v. *Columbia Improvement Co.,* 3 *Ga. App.* 483 (60 S. E. 279). If the seller adopts either one of the remedies provided by the statute, it excludes his right to the others; "but the one which is binding upon him is the one actually adopted by him before suit." *Rowland Co.* v. *Kell Co.,* 27 *Ga. App.* 107 (107

S. E. 602). The vendor's cause of action in a case of this character is the vendee's breach of contract, and the purpose of an election of remedies is to determine the measure of damages recoverable. *Id.*

Whether or not the plaintiff delayed an unreasonable time in making an election of the remedy which he pursued in this case, is a question for the jury. *Bodenheimer Molasses Co.* v. *Edenfield,* 31 *Ga. App.* 640 (121 S. E. 862). We can not say as a matter of law that the time which elapsed between the default of the buyer and the notice of the seller that the goods were being held for the buyer, and that suit would be filed for the full contract price, was an unreasonable delay.

■ The court erred in sustaining the demurrer of the defendant as to both counts and in dismissing the plaintiff's action.

*Judgment reversed. Sutton, P. J., concurs, and Felton, J., concurs specially.*

FELTON, J., concurring specially. Under the facts of this case and the Code, § 38-120, it was the duty of Beck & Gregg to answer the letter of August 12. Beck & Gregg recognized that by failure to answer this letter it had consented to the proposals made in that letter, as is shown by the fact that it attempted to cancel the order. If there had not been a valid order, accepted, it would have been idle to cancel it. I concur in the ruling that whether the delay in electing a remedy would bar a recovery is for the jury, for the reason that there is no affirmative allegation in the petition showing that on January 3, 1945, or at any other time, the goods were worth $2100 on the open market. It was simply stated in a letter to Beck & Gregg that the plaintiff's attorney wrote a letter to Beck & Gregg in which he made such a statement. Even if the letter is considered a part of the pleading for all purposes, that statement is not an affirmative allegation of fact, amounting to an irrefutable admission in judicio.